Ludlow *against* Dale.

* *Ante, page 259.*

*The opinion of Mr. Justice* KENT, *in this cause, having been referred to in his argument on the conclusive-ness of foreign sentences,\* is given now, as it was not till the preceding sheet was worked off, that it came to the hands of the compiler.*

THIS was an action on a policy of insurance on the schooner *Paragon* and her cargo, from *Aux Cayes*, or any other port in *Hispaniola*, to the *United States*, and *warranted American*. The insurance was effected for *Moses Myers*, of *Virginia*, and the vessel was captured by a *British* frigate on her return from *St. Domingo*, laden with the produce of that island, and was carried into *Jamaica ;* and by the vice-admiralty court of that island was condemned as good and lawful prize.

Two questions have arisen on this case.

1. Whether the sentence of the admiralty concludes all further inquiry respecting the neutrality of the property.

2. If it does not, whether the testimony offered, appears to warrant the sentence of condemnation at *Jamaica.*

When this cause was argued at the last *July* term, I observed, with some surprise, that the counsel on each side, seemed in a great degree to abandon the first point, and taking it for granted, that the question on the warranty was still open, they entered fully, and, I think, with much force and ability, into a discussion of the several *matters of fact*, on which the proceedings in the admiralty must have been founded. I shall, however, confine myself to the consideration of the first question, because, in my opinion, that *alone* governs the cause. If the sen-

tence of condemnation by a foreign court of admiralty, be conclusive, over the question of neutral property, it is unnecessary to examine any further. If it be not conclusive, and the question is still open for discussion, it is then a question of fact to be submitted to a jury, and we have nothing to do with it, other than to send it back to the proper tribunal.

It is a clear and settled principle of law, that the sentence of a court of competent jurisdiction is, as to the direct point under decision, conclusive upon all other courts of the state, within whose limits it be pronounced.

*2 Ersk.* 734. *2 Str.* 733. 3 *Durnf.* 125. 12 *Viner,* 95. 133. 128. 129. *Str.* 1078. 3 *Mod.* 194. 195.

Even *foreign* decrees, whether sustaining a claim or dismissing it, are generally, from a regard to utility, and *ex comitate,* received with respect, and held binding, unless there be some very cogent reasons against them, by the regular tribunal of all other nations, where the administration of justice is orderly and civilized.

*2 Ersk.* 735. 4 *Durnf.* 185. 192. *Str.* 733. *2 Kaims,* 365. 376. 1 *Black. Rep.* 258. 260.

But the sentence of foreign courts of admiralty, are especially, received as binding, because they proceed upon general principles of the law of nations, applicable to all suitors, and of universal extent and reception. As these courts are all governed by one and the same law, equally known to every country, and equally open to all the world, all persons are, therefore, concluded by their sentences, in cases within their jurisdiction. We find, accordingly, the *English* courts, as early as the reign of Charles II. regarding the decision of the *French* admiralty in a question of *prize,* as *conclusive* upon them, though at that time, *England* was a neutral, and *France* a belligerent power, and the judges observed, that sentences in courts of admiralty ought to bind generally, according to the *jus gentium.*

*Doug.* 610, 614, 615, 617. *2 Kaims,* 376. *3 Durnf.* 330.

*Hughes* v. *Cornelius, Kaims,* 473. 2. *Show.* 242. *Skinn.* 59.

2 Ld. Raym.
893. 935. Carth.
32. see also, 1
Atk. 49, and 2
Woodd. 455.

Bernardi v.
Motteux, Doug.
575. Barzillay
v. Lewis, Park,
359. De Souza
and Ewer, Park
361.
Saloucci v.
Wooddmason,
Park, 362.
Mayne v. Wal-
ter, Park 363.
Fernandez v.
Dacosta, Park.
178.

Jan. Term,
1797.

Lord *Holt* more than once recognised this law, and gave it the sanction of his great name.

In modern times, when the law of nations and commercial law, have been more correctly defined, the doctrine, that sentences of foreign admiralties were conclusive, has been admitted in the fullest latitude, and the *English* court of K. B. have repeat-edly and unanimously decided, that condemnation in a foreign court of admiralty, of property warrant-ed neutral, as enemy's property, was conclusive evi-dence against the insured, of a breach of his warranty.

These several decisions, while they incontroverti-bly establish the doctrine, that if no *special* ground of condemnation appears, but the property is con-demned generally as *enemy's* property, or as good and lawful prize, other courts are bound to consi-der the decree as decisive evidence, that the property was not neutral ; yet they, at the same time admit, that if the foreign sentence be so ambiguous as to render it difficult to say on what ground the decision turned, or if there be colour to presume the admi-ralty proceeded on matter not relevant to the issue, evidence will be let in to explain. So if a sentence be on the face of it unjust, and reasons are given for it, manifestly illegal, and against the law of nations, other courts have a right to judge of these reasons, and to determine on their validity; and this was the amount of the decision of this court in the case of *Smith* v. *Murray* and *Mumford.*

The *English* law thus understood and explained, I consider as no novel doctrine, but a part of the com-mon law of the land. It is, indeed, the prevailing usage of all countries, whose jurisprudence is en-lightened, and whose administration is regular. It could not exist in the *civil law,* because the whole

known world was subject to the *Roman* empire; but in countries where the civil law has been adopted and modified, the same principle prevails, and a person condemned by a sentence of a foreign court, confessedly competent in the case, can have no redress, but by a court which has power to reverse the decree.

The decree of the admiralty of *Jamaica* cannot be said to be *res inter alios acta.* The assured, in the present case, was a party to the suit instituted, and the condemnation had there; he applies here to have the same question agitated there, and which was decided against him, tried anew; the question, whether his property, which he had warranted to be *American,* had the requisite *insignia* to entitle it to the privilege of neutrality.

I shall forbear to give any opinion on the testimony which was produced and commented upon at the argument, because I am of opinion it is totally irrelevant in the present case, and that the sentence of condemnation being direct, so as to induce a necessary conclusion that neutral or enemy's property was the point in issue and decided; and containing nothing which appears contrary to the law of nations, is decisive against the plaintiffs, and that judgment ought to be rendered for the defendants.