INHABITANTS OF MONMOUTH *vs.* ELIAS PLIMPTON and others.

WILBERT WOODBURY and another *vs.* SAME.

Kennebec.    Opinion December 7, 1885.

*Deed.    Mill-dam.*

A deed, wherein the grantor gives, grants, bargains, sells and conveys unto the grantee, his heirs and assigns forever, the right of having, building and maintaining, and repairing and keeping in repair a dam on certain premises, with the right to so much of the premises as may be necessary on which to build and maintain the dam with its wings, conveys a fee in the land upon which the dam stands.

ON REPORT.

The same question is presented in each case, and is fully stated in the opinion.

*Potter and Lancaster,* for the plaintiffs, in the first action.

*A. M. Spear,* for the plaintiffs, in the second action.

The counsel for plaintiffs cited: *Reed* v. *Reed,* 9 Mass. 372; *Andrews* v. *Boyd,* 5 Maine, 199; *Butterfield* v. *Haskins,* 33 Maine, 395; *Gleason* v. *Fayerweather,* 4 Gray, 348; *Reed* v. *Proprietors,* 8 How. (N. Y.) 274; *Mason* v. *White,* 11 Barb. 173; *Harvey* v. *Mitchell,* 31 N. H. 575; *Bosworth* v. *Sturtevant,* 2 Cush. 392; *Stone* v. *Stone,* 116 Mass. 279; *Hoffman* v. *Riehl,* 27 Mo. 554; *Andrews* v. *Murphy,* 12 Ga. 431; *Pike* v. *Munroe,* 36 Maine, 309; *Littlefield* v. *Winslow,* 19 Maine, 394; *Robinson* v. *Fiske,* 25 Maine, 401; *Philbrook* v. *N. E. M'f'g Co.* 37 Maine, 137; *Winnipisseogee Co.* v. *Perley,* 46 N. H. 83; *Mills* v. *Catlin,* 22 Vt. 98; *Collins* v. *Lavelle,* 44 Vt. 230; *Allen* v. *Holton,* 20 Pick. 463; *Rutherford* v. *Tracy,* 48 Mo. 325; S. C. 8 Am. Rep. 104; *Mulford* v. *LeFranc,* 26 Cal. 88; *Abbott* v. *Abbott,* 53 Maine, 356;

*Lincoln* v. *Wilder*, 29 Maine, 169; 3 Wash. Real Property, 398 (4th ed.) ; *Waters* v. *Breden*, 70 Penn. 238; *Farrar* v. *Cooper*, 34 Maine, 394; *Dillingham* v. *Roberts*, 75 Maine, 469.

*Clay and Clay*, for the defendants, contended that the deed conveyed nothing but a qualified or determinable fee, an estate which passes subject to a reverter, and will continue no longer than the estate is used and occupied for a dam. *Moulton v. Trafton*, 64 Maine, 218.

The clause, "with the right to so much of said premises as may be necessary on which to build and maintain said dam with its wings," when considered in connection with other parts of the deed and the purposes of the conveyance, can mean nothing more than the use of the premises so long as the dam is used or occupied.

The deed conveys no mill, or mill privilege, or mill dam, only the right to build and maintain a dam upon the land of the grantor. The true test of ownership of the land on which the dam stands, is to whom would it revert if the dam should be carried away and the defendants should decline or neglect to re-build, or should abandon the premises for twenty years. Counsel cited: *Pratt* v. *Sweetser*, 68 Maine, 344; *Bates* v. *Foster*, 59 Maine, 157; *Stinchfield* v. *Gerry*, 64 Maine, 200; *Morgan* v. *Boyes*, 65 Maine, 124.

FOSTER, J. This is a complaint for flowage. It is a statutory proceeding. To be entitled to maintain it, the complainant must show that the conditions of the statute have been complied with. The only condition concerning which there is any controversy, and the only question involved in this case, is whether the dam which causes the flowing is erected and maintained on land of the defendants.

It is admitted that defendants own a mill, mill privilege and dam, on the stream some ways below the one in question, which is a reservoir dam built and maintained by the defendants for the purpose of supplying water to their mills below. That such a dam is protected by the provisions of the statute, if erected and maintained on land of the defendants, there can be no question.

*Nelson* v. *Butterfield*, 21 Maine, 231; *Dingley* v. *Gardiner*, 73 Maine, 66. "Any man may, on his own land, erect and maintain a water mill and dams to raise water for working it, upon and across any stream not navigable." R. S., c. 92, § 1.

Whatever rights the defendants have in relation to this reservoir dam, were derived by warranty deed from one John G. Robie, who was the owner of the land where the dam is situated. In that deed he says: "I . . do hereby give, grant, bargain, sell and convey unto the said E. Plimpton and sons, their heirs and assigns forever, the right of having, building, and maintaining and repairing and keeping in repair, a dam across Purgatory stream, on premises conveyed to me by C. F. Dunn, at, on or near where the dam now is, *with the right to so much* of said premises as may be necessary on which to build and maintain said dam with its wings." The same deed conveys to the defendants certain easements over the land of the grantor, such as the right to pass to and from said dam from the road, the right to flow to a certain height, and to remove obstructions from the stream, etc. The habendum in said deed is in these words: "To have and to hold the aforegranted and bargained premises and rights with all the privileges and appurtenances thereto belonging, to them the said E. Plimpton and sons, their heirs and assigns, to their use and behoof forever," and following which are the usual covenants of warranty.

The question is whether by this deed the defendants obtained a fee to so much of the land as is covered by this dam. We think they did.

Professor Washburn, (Vol. II, * 622,) speaking of forms of conveyance by private grant, says that it is not necessary "that the deed should, in terms, convey the land or thing intended to be granted, if such grant is implied from what is described. Thus, a grant of the rents, issues and profits of a tract of land, is the grant of the land itself. If the grant be of the uses of, and dominion over land, it carries the land itself."

"Such designation and description, though usual, are not always essential. Land will often pass by other terms." *Sheets* v. *Selden*, 2 Wall. 187.

The same is true in regard to devises, where the following words have been held to convey an estate in the land, equivalent to a devise of the land itself, either in fee or for life, according to the limitation expressed in the devise: The income of land, (*Reed* v. *Reed*, 9 Mass. 374; *Andrews* v. *Boyd*, 5 Maine, 202) ; the income and interest of land, (*Blanchard* v. *Brooks*, 12 Pick. 63 ; *Fay* v. *Fay*, 1 Cush. 101) ; rents and profits, (*South* v. *Alliene*, 1 Salk. 228) ; improvement, use and benefit, (*Gleason* v. *Fayerweather*, 4 Gray, 351) ; all my right and benefit, (*Newkerk* v. *Newkerk*, 2 Caines, 351.)

In *Farrar* v. *Cooper*, 34 Maine, 397, the court held that a deed of "an undivided moity forever of the *privilege* of a mill yard" conveyed a fee in the mill yard. And in the same deed a moity of a double saw mill was conveyed, "with the *privilege* of forever having and keeping a saw mill on the same plat of ground, whereon the same conveyed moity now stands;" and these words were held to convey a fee; "for," as SHEPLEY, C. J., remarked, "a conveyance of the 'use of land forever,' is equivalent to a conveyance of the land." This case is cited and approved in *Dillingham* v. *Roberts*, 75 Maine, 471, where a deed conveying a parcel of land bounded on one side by the shore of the sea at high water mark, contained the following words: "including all the *privilege* of the shore to low water mark;" and the court held that the fee in the land between high and low water mark passed to the grantee.

In *Caldwell* v. *Fulton*, 31 Pa. St. 475, the grantor conveyed the full right, title and privilege of digging and taking away stone coal to any extent the grantee might think proper to do, or cause to be done, under any of the land owned or occupied by the grantor, and the court there held that such an interest in the mines under the grantor's lands passed as to distinguish it from a right of easement in the land.

Examining the language of the deed before us, we find that the grantor not only says that he does "give, grant, bargain, sell and convey unto the" grantees "their heirs and assigns forever, the right of having, building and maintaining and repairing and keeping in repair, a dam" on certain premises, but he also

in the same clause conveys "*the right to so much* of said premises as may be necessary on which to build and maintain said dam with its wings."

If there is any doubt as to the meaning of the language used, it must be taken most strongly against the grantor and in favor of the grantees. He conveys the "right" to a definite parcel of land. The extent of that parcel is that which "may be necessary on which to build and maintain said dam with its wings." Webster defines "right" to be "just claim, legal title, ownership." Had the grantor conveyed all his right, title and interest in the parcel thus described to the grantees, their heirs and assigns forever, the fee would undoubtedly have passed. Here he conveys his right, which, in this connection, is equivalent to title. ". It can hardly be doubted," says LIVINGSTON, J., in *Newkerk* v. *Newkerk*, 2 Caines, 351, "that a devise of a man's right in land will pass all his estate and interest therein, and of course a fee, if he himself have one. Right is equivalent to all right; and if all his right be devised, what is there left for others?" Here, the right is to so much of the premises as may be necessary on which to build and maintain a dam with its wings; and this right is not repugnant to, but rather expressive of, the right previously named,— that of having, building, and maintaining and repairing and keeping in repair a dam upon that particular spot. It is something more than the mere right to do an act or a series of acts upon this parcel of land, and herein lies the distinction between the grant of a fee, and an easement therein. The conveyance was of the entire beneficial occupation of such parcel, strongly indicative of a fee, and not for uses which might be only intermittent and occasional,— uses sometimes denominated "non-continuous."

And when we apply the rule of construction, that in determining the meaning of the parties recourse may be had to the whole instrument, our conclusions are sustained by the language of the habendum where the "aforegranted and bargained premises and rights" are named. The parties evidently, from a fair construction of the language used, recognized the distinction between the title or estate in fee which was granted, and the

easements subsequently named in the deed, such as the right to flow, to pass and repass, and to enter and remove obstructions, etc.

Furthermore, whatever estate was conveyed was one of inheritance. The deed is one of warranty, with covenants warranting and defending the premises to the defendants, their heirs and assigns forever.

It is claimed, however, that the estate was not one in fee simple, but a qualified or determinable fee, and that it will continue no longer than the land may be occupied and used for a dam. Granting the conclusion thus claimed by the learned counsel for the defendants, nevertheless such an estate would pass subject to a reverter, and would continue until the qualification or limitation annexed to it is at an end. It would constitute an estate both descendible and assignable. *Moulton* v. *Trafton*, 64 Maine, 222. And consequently, whether the estate granted be one in fee simple, or a base, qualified or determinable fee, is not important here, inasmuch as in either case the defendants would be possessed of a title sufficient for the maintenance of this action.

> *Judgment for complainants. Commissioners to be appointed at nisi prius.*

PETERS, C. J., WALTON, DANFORTH, LIBBEY and EMERY, JJ., concurred.