## Estate of Louisa Gerheim.

*Wills—Construction—Partial intestacy—Intention of testator.*

The only provision contained in the will of a testatrix, relative to her real estate, contained the following: "Henrietta Plyler, being the oldest member of my family, I hereby give her first right to my home."

*Held:* That the language used was insufficient to pass a fee; that the testatrix died partially intestate and that Henrietta Plyler received only the right to take the home at its fair value.

When a will is executed the reasonable and natural presumption is that the testator intends to dispose of his entire estate; there is no presumption of an intention to die intestate as to any part of his estate when the words used by the testator will clearly carry the whole; hence the rule, which universally prevails, that a will must be construed so as to avoid a partial intestacy, unless the contrary be unavoidable. But where the will cannot be so construed, intestacy total or partial results.

*Practice—Orphans' Court—Beneficiary wrongfully claiming fee to real estate—Acts of June 7, 1917, P. L. 337, and June 7, 1917, P. L. 447, Section 33.*

When a beneficiary under a will takes possession of real estate, claiming that the will passed a fee in the real estate to her, when in fact it gave her only the right to take it at a fair value, the proper procedure by the parties interested in the real estate is a petition for the appointment of appraisers under Section 33 of the Act of June 7, 1917, P. L. 447, and not a petition for partition under the Act of June 7, 1917, P. L. 337.

Argued April 12, 1926. Appeal No. 111, April T., 1926, by Augusta Gerheim Smith, from decree of O. C. Clarion County, May T., 1924, No. 19, in the matter of the Estate of Louisa Gerheim. Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP, and CUNNINGHAM, JJ. Affirmed.

Petition for partition of real estate. Before HARVEY, P. J.

The facts are stated in the opinion of the Superior Court.

The court dismissed the petition. Augusta Gerheim Smith appealed.

530, (1926).]   Assignment of Error—Opinion of the Court.

*Error assigned* was, among others, the order of the court.

*W. J. Geary,* and with him *Leonard S. Levin,* for appellant.

*H. M. Rimer,* for appellee.

OPINION BY GAWTHROP, J., July 8, 1926:

Louisa Gerheim died April 20, 1923, leaving a will which was duly probated in Allegheny County. The first clause of the will provided for the payment of her debts and funeral expenses. The remainder of the will was as follows:

"Second : Henrietta P. Plyler, being the oldest member of my family, I hereby give her first right to my home located at Fairmount City, Clarion County, and State of Pennsylvania.

Third: To my surviving four daughters, Henrietta, Mary, Augusta and Minnie, I hereby will them all my money either on hand, or in banks, to be evenly divided among them.

Fourth: The furniture is to be agreed upon, by the administrator and by said surviving daughters, if not, the administrator shall do the best she thinks, or may dispose of same.

Fifth: My Liberty Bond of the Fourth Issue is to be divided between the following grandchildren namely, I. Ooma Plyler, Cecil J. Plyler, Lucile Colletta Plyler, and Cecil Gluckler, which is now in the first National Bank of New Bethlehem.

Sixth: Providing that any one or either one of my surviving daughters shall not be satisfied with this my Last Will and Testament, shall only receive One Hundred ($100) Dollars.

I hereby make, constitute and appoint my eldest daughter, Henrietta P. Plyler, of Pittsburgh, to be Executrix of this my Last Will and Testament."

Henrietta P. Plyler took possession of the real estate described in the second clause of the will and asserts that the will vested her with a fee therein. The daughter, Augusta, filed in the court below a petition for the partition of said real estate. After a hearing that court made an order refusing to award an inquest to make partition, holding that the will vested in Henrietta P. Plyler a fee simple title to said real estate. This appeal is from that order.

The single question presented is whether the petitioner acquired under the will such an interest in the real estate as entitles her to demand the partition of the same in this proceeding. In order to answer it we must first determine what interest in the real estate the daughter, Henrietta, got under the will. The only clause of the will in which the real estate is mentioned is the second. There is no other clause under which any interest in it could pass. The bequest in the third clause of "all my money either on hand or in bank," manifestly limits the term "money" so as not to include the proceeds of testator's real estate. While the word "money" may when so intended include any kind of property, including land, it cannot have that effect when the text of the testament clearly shows that it was so intended: Levy's Estate, 161 Pa. 189. It must be conceded that when the testatrix said in the second clause, "I hereby give her (Henrietta) first right to my home located at Fairmount City," she did not use apt words to pass a fee. When a will is executed the reasonable and natural presumption is that the testator intends to dispose of his entire estate; there is no presumption of an intention to die intestate as to any part of his estate when the words used by the testator will clearly carry the whole; hence the rule, which universally prevails, that a will must be construed so as to avoid a partial intestacy, unless the contrary be unavoidable: Glass v. Morgan, 241 Pa. 240, 243; Phillips' Estate, 205 Pa. 504; Klapp's Estate, 19 Pa. Su-

perior Ct. 150; Hofius v. Hofius, 92 Pa. 305. Despite the canon of construction which favors testacy as to the entire estate, we are unable to escape the conclusion that the language used by the testator in the second clause of her will is insufficient to vest a fee in Henrietta, and that there is an intestacy as to the interest in the property which did not vest in her. If the testator had given Henrietta the "right" to her home, instead of the "first right" to it, there would seem to be no question that she would have taken whatever right or title the testator had in the land. Webster defines "right" to be "just claim; legal title; ownership." A devise of a man's right in land will pass all his estate and interest therein, and of course a fee, if he himself have one: Newkerk v. Newkerk, 2 Caines 351. But the testator limited the "right" which she gave to Henrietta to the "first right." In doing that she clearly implied that there were other rights in the property, although she did not dispose of them. If Henrietta did not take a fee, what interest did she get? The contention of the appellant is that by the second clause of the will the "first right" given to Henrietta amounted to no more than the right, as the oldest child, to take the property at the appraisement fixed by the inquest in a partition proceeding under the statute, and that, if she did not exercise that right and take the property at the appraisement, the rights of the other children could be exercised in the order of their seniority in age. We cannot adopt this view. By the terms of the Orphans' Court Partition Act of June 7, 1917, P. L. 337, in a case in which the land cannot be divided without prejudice to or spoiling the whole and a just appraisement is returned to the court, (and this is such a case) the land is allotted to the party in interest who shall, at the return of the rule to accept or refuse to take at the valuation, offer in writing the highest price therefor above the valuation returned. Under this act the orphans' court may order such real estate to the

parties in interest at the appraisement, in the order of seniority in age, only when no bid above the appraisement shall have been made by a party in interest. It seems very clear that the right which Henrietta got in respect to the real estate is not limited to the right which she, as testator's oldest child, could assert under the Partition Act, only if no party in interest made an offer above the valuation returned by the inquest. The oldest daughter seems to have been the first object of the testator's bounty. While, as already stated, the language used in making the gift to her is insufficient to pass a fee, we are of opinion, after the fullest consideration, that the gift to her of the "first right" to her home is a devise of such real estate at its fair value, that is, the gift of the right to take it at an appraisement to be made with the obligation to account to the estate for the value thereof. It follows that the proper procedure in respect to said real estate was not a proceeding in partition, but the filing of a petition for the appointment of appraisers under Section 33 of the Fiduciaries Act of June 7, 1917, P. L. 447. It was proper for the court below to refuse to award an inquest in partition, although the reasons stated in support thereof are unsound.

The decree is affirmed.