Mr. Justice FIELD
 

 delivered the opinion of the court.
 

 The objections taken by the defendant in the court below against a recovery, and urged in this court for a reversal of the judgment, which require consideration, relate, 1st, to the validity of the deed executed by the Governor and Auditor of Indiana to pass the title of the State to the premises in controversy; 2d, to the claim by the lessors of the plaintiff of a right to maintain ejectment for the premises upon a breach of the covenants to pay rent contained in' the leases of the State; and 3d, to the proceedings taken to effect a -forfeiture of the leases.
 

 1.
 
 The objection to the deed of the Governor and Auditor .
 
 ié,
 
 that it is not executed in the name of the State, and does not cover the premises in controversy.
 

 It is true that the form of the deed is not in literal com
 
 *187
 
 pliance with tbe language of either of the acts of Indiana; it is not in terms between the State, of the one part and the assignee of the purchasers of the property of the .otiier part; but it shows a completed transaction between the State and the grantee named. It refers to the acts of the legislature authorizing the sale; it sets forth a sale made pursuant to their provisions; it mentions the joint resolution affirming the sale; and it declares tjiat the Governor and Auditor in. virtue of the power vested in-them by the acts and joint resolution convey the property sold, “being all the right, title, interest, claim and demand which the State” held or possessed therein.
 

 In the execution of this instrument the Governor and Auditor acted officially and not personally, and in our judgment the deed was sufficient to pass the title of the State •they represented. And it may be stated generally that when a deed is executed, or a contract is made on behalf of a State by a public officer duly authorized, and this fact appears upon the face of the instrument, it is the deed or contract of the State, notwithstanding ■ that the officer may be described as one of the parties, and may have affixed his individual name and seal. In such cases the State alone is bound by the deed or contract, and can alone claim; its benefits.
 
 *
 

 Thé objection that the deed does not- cover the premises in controversy rests upon the fact that it does not convey the parcels • of land for which the action is brought, by specific -designation and description. Such designation and desciption, though usual, are not always essential. Land will often pass by other terms. Thus a grant of a messuage or a messuage with the appurtenances will carry' the dwelling-house and adjoining buildings, and also its orchard, garden, and curtilage.
 
 †
 
 The true rule on the subject is this, that everything essential to the beneficial use and enjoyment
 
 *188
 
 of the property designated is, in the absence of language indicating a different intention on the part of the grantor, to be considered as passing by the' conveyance.
 
 *
 
 . Thus the devise, of a mill and its appurtenances was held by Mr. Justice Story to pass to the devisee not merely the buildingbut all the land under .the mill- and necessary for its use, and commonly used with it.
 
 †
 
 So a conveyance “of a certain tene'ment, being one-half of a.com-mill situated,” on a designated lot “with all the privileges and- appurtenances” was held by the Supreme Court of New Hampshire to pass not only the mill, but the land on which it was situated,-together with such portion- of the water privilege as was essential to its use
 
 ‡
 
 And the exception of a factory from a mortgage deed was held by th,e Supreme Court of Massachusetts to extend to the land under the factory, and the water privilege appurtenant thereto.
 
 §
 

 In the deed- from the Governor and Auditor the property conveyed is designated as “ all the right-, title, interest, claim, and demand, which the State may hold or possess, in the Northern Division of the Central Canal, &c., and all the rents which may'have become, or shall become due after the sale of said property, and the water-power, and the appurtenances thereunto belonging, including its banks, margins, tow-paths, side-cuts, feeders, basins, right of way, dams, water-power, structures, and alb the appurtenances thereunto belonging.*’
 

 This language is comprehensive. enough to carry the several parcels of land described in the declaration. These parcels are described in almost identical language in the leases executed by the Hoard of Internal Improvement on behalf of the State. The law providing for leasing the surplus water, authorized at the same time the leasing of “ such portions of ground belonging to the State as might be necessary to its use;” and the leases specify those -particular
 
 *189
 
 parcels, as being necessary to the beneficial use and enjoyment of the water.
 

 2. The objection'-that the lessors of the' plaintiff, as grantees of the reversionary interest of the State, cannot maintain ejectment for the premises upon breach of the covenants to pay rent contained in the leases of the State, rests upon the supposition that the leases are not under seal.
 

 It is conceded that at the common law the grantee of a reversion could not enter or bring ejectment for breach' of the covenants of a lease; and that the statute of 32 Henry VHI, giving the right of entry and of action to such grantee, was confined to leases under- seal. ■ The statute speaks of conditions, covenants, and agreements, contained in
 
 indentures
 
 of leases, demises, and grants; language only applicable to sealed instruments. That statute was adopted in Indiana as early as 1818, but a law of the State passed in 1843 alters its rule, and extends its remedies to all leases.
 

 3. The objection taken to the proceedings for the forfeiture of the leases is that the demand.for the rent wasmot-made on the proper day, nor by properly authorized agents.
 

 The demand was made on the first day of May, and also on the first day of June. The first demand Was premature; the question is as to the demand on the latter day. The' leases provided that the rents should be paid semi-annually on the • first days of May and November; and that if any instalment should remain unpaid/or"
 
 one ’month from the time-it .shoidd.be-come due,
 
 all the rights and privileges secured to the lessees should cease and determine, and -any authorized agent of lessee of the- State should have power to enter and take possession'of the premises.
 

 . By the term “month” as here used is -meant a calendar, and not a lunar month. The legislature of Indiana has attached this meaning to the term when it is used in the statutes of the State, but has not defined its meaning imeon-tracts or deeds, and it is contended by the plaintiff in error that in the absence of any legislative provision on the subject, the term must be construed in these instruments to mean lunar and not calendar months. But this view cannot
 
 *190
 
 be sustained. The term is not technical, and when the parties have not themselves given to it a definition, it must be construed in its ordinary-and general sense, and there can be no doubt that in this sense calendar months are always understood. The reasons upon which a different-rule rests in England with reference to other than mercantile contracts, do not outweigh this consideration.
 
 *
 

 The rent becoming due on the first day of -May, the one month from that time within which the payment was required to be made to prevent a forfeiture, expired on the first day of June following. In the computation of the time, the day upon which the rent became due was to be excluded. The general current of the modern authorities on the interpretation of contracts, and also of statutes, where time is to. be computed from a particular day or a particular event, as when an act is to' be performed within a specified period
 
 from
 
 or
 
 after
 
 a day named, is to exclude the day thus designated, and to include the last day of the specified period. ‘-‘When the period allowed for doing an act,” says Mr. Chief Justice Bronson, “is to be reckoned from the making of a contract, or the happening of any other event, the day on which the event happened may be regarded as an entirety, or a point of time; and so be excluded from the computation.”
 
 †
 

 The parties who made the demand for rent were duly au- ' thorized by the lessors of the plaintiff. Authority in writing was not essential; verbal authority was sufficient for the purpose.
 

 JUDGMENT AEEIRMED.
 

 *
 

 Hodgson
 
 v.
 
 Dexter, 1 Cranch, 345; Stinchfield
 
 v.
 
 Little, 1 Greenleaf, 231; The State v. McCauley, 15 California, 456.
 

 †
 

 Shepherds Touchstone, 94.
 

 *
 

 Sparks
 
 v.
 
 Hess, 15 California, 196.
 

 †
 

 Whitney
 
 v.
 
 Olney, 3 Mason, 280.
 

 ‡
 

 Gilson
 
 v.
 
 Brockway, 8 New Hampshire, 465.
 

 §
 

 See, also, to the same effect, Wise
 
 v.
 
 Wheeler, 6 Iredell, 196; and Blaine’s Lessees
 
 v.
 
 Chambers, 1 Sergeant & Rawle, 169.
 

 *
 

 Gross
 
 v
 
 Fowler, 21 California, 392; Strong
 
 v.
 
 Birchard, 5 Connecticut, 361; Browi
 
 v.
 
 Harris, 5 Grattan, 298.
 

 †
 

 Cornell
 
 v.
 
 Moulton, 3 Denio, 16; see also Bigelow
 
 v.
 
 Wilson, 1 Pickering, 485..