## HARRIET M. HOOPER, PETITIONER, v. COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 55376.  Promulgated July 29, 1932.

*Charles C. Parlin, Esq.*, for the petitioner.
*O. J. Tall, Esq.*, for the respondent.

### OPINION.

TRAMMELL: This proceeding is for the redetermination of a deficiency in income tax of $11,148.52 for 1927.  The proceeding was submitted on an agreed statement of facts as follows:

1. That the only question involved in the above-entitled proceeding is whether the profit of $95,168.75 realized by the taxpayer on the sale in 1927 of certain real estate located in Bedford Hills, New York, is to be taxed as an item of ordinary income or as a capital gain.

2. That said property was sold by the taxpayer on October 10, 1927.

3. That said property was acquired by the taxpayer on October 10, 1925.

In determining the deficiency the respondent determined that the profit from the sale was taxable as ordinary income.  The petitioner contends that this was error, as the profit is taxable as capital gain.

The Revenue Act of 1926, which is applicable to the year here involved, provides as follows:

SEC. 208. (a) For the purpose of this title—

(1) The term "capital gain" means taxable gain from the sale or exchange of capital assets consummated after December 31, 1921;

*     *     *     *     *     *     *

(8) The term "capital assets" means property held by the taxpayer for more than two years * * *

(b) In the case of any taxpayer (other than a corporation) who for any taxable year derives a capital net gain, there shall (at the election of the taxpayer) be levied, collected and paid, in lieu of the taxes imposed by sections 210 and 211 of this title, a tax determined as follows:

A partial tax shall first be computed upon the basis of the ordinary net income at the rates and in the manner provided in sections 210 and 211, and the total tax shall be this amount plus 12½ per centum of the capital net gain.

The question presented for determination is whether the profit from the sale of real estate here involved constituted a capital gain within the meaning of the statute.  In order for such profit to constitute a capital gain the property must have been "held by the taxpayer for more than two years."

Here the property was acquired by the petitioner on October 10, 1925, and was sold on October 10, 1927. The petitioner contends that having owned the property on October 10, 1925, and also on October 10, 1927, and that taking the day as the unit of the measure of time she therefore " held " the property two years and one day or " for more than two years," as required by the statute. The respondent raises no question as to the inclusion of October 10, 1927, in the computation of time during which the petitioner held the property, but contends that the day on which the property was acquired should be excluded from the computation and that the petitioner accordingly held the property for exactly two years and not for more than two years. The controversy between the parties therefore resolves itself into the question of whether October 10, 1925, the day on which the petitioner acquired the property, is to be included in computing the time during which the petitioner held it.

The petitioner points out that in the decisions of some courts on the question of computing time a distinction is made between computations of time " from " or " after " *an event* as contrasted with a *specified day* and states that when the period follows a specified day such day is to be excluded, but when the period follows a specified event the day of the event is to be included in the computation. She then insists that the measurement of time in the instant case is not " from " or " after " an event or day, but represents the period of a " continuing state " (the holding of property) and that the first day is to be included in the computation.

The statute does not furnish any rule or prescribe any method for computing or measuring the time during which the petitioner held the property. Nor does it indicate that fractional parts of a day or days are to be considered or that a more precise unit of measure than a day is to be used. Under such circumstances the United States Supreme Court in the case of *Burnet* v. *Willingham Loan & Trust Co.*, 282 U. S. 437, said:

We are seeking a measure of time, and therefore we have to translate the event into the language of time; and when, as here, there is no special reason for being more precise, the day is the unit, because people generally measure periods of more than one day by days, months or years.

In view of the foregoing we think that the fractional parts of a day are to be disregarded. It is clear that the petitioner did not own the property the entire day on which she acquired it, nor the entire day on which she disposed of it. Yet it is only by including both days that she can be said to have held it for more than two years.

In order for there to be any measurement of the duration of or the length of the period for which the petitioner held the property, such period must have a starting point or time of beginning, and such time of beginning must be regarded either as a day or as an event. In order for the petitioner to get the relief here sought, she must have held the property for more than two years from the time she acquired it, or the beginning point of measurement, whether such point is regarded as a day or as an event. We think it is immaterial whether the beginning point be considered as a day or as an event, since the rule for the computation of time as laid down by the Supreme Court appears to be the same in either case. In *Sheets* v. *Selden's Lessee*, 2 Wall. 177, 190, the Supreme Court said:

The general current of the modern authorities on the interpretation of contracts, and also of statutes, where time is to be computed from a particular day or a particular event, as when an act is to be performed within a specified period *from* or *after* a day named, is to exclude the day thus designated, and to include the last day of the specified period. "When the period allowed for doing an act," says Mr. Chief Justice Bronson, "is to be reckoned from the making of a contract, or the happening of any other event, the day on which the event happened may be regarded as an entirety, or a point of time; and so be excluded from the computation."

In *Siegelschiffer* v. *Penn Mutual Life Ins. Co.* 248 Fed. 226, it was said:

It is also, we take it, settled by the weight of authority that the time within which an act is to be done is to be computed by excluding the first day and including the last. *Sheets* v. *Selden*, 2 Wall. 177, 17 L. Ed. 822; *Elliott National Bank* v. *Gill* (D. C.) 210 Fed. 933, 940.

See also *United Timber Co.* v. *Bivens*, 253 Fed. 968; *In re Antonnen*, 293 Fed. 473; *Chambers* v. *Lucas*, 41 Fed. (2d) 299. Also cf. *Burnet* v. *Willingham Loan & Trust Co.*, *supra*, affirming 15 B. T. A. 931.

The act required of the petitioner in the instant case to entitle her to the benefit of the capital gain provisions was the holding of the property in question for more than two years from the time she became the owner of it. Under the rule laid down by the Supreme Court the time she held it is to be computed by excluding the day on which she acquired it, October 10, 1925, and including the day on which she sold it, October 10, 1927. A computation made in accordance with that method makes it apparent that the petitioner held the property for exactly two years and not " for more than two years." The petitioner not having held the property for more than two years, it was not a capital asset within the purview of the statute and the profit from the sale thereof is not to be taxed as a capital net gain.

*Judgment will be entered for the respondent.*