[Civil No. 3516.  Filed November 7, 1934.]

[37 Pac. (2d) 401.]

GEORGE OSSIC, Petitioner, v. THE INDUSTRIAL COMMISSION OF ARIZONA, Defendant Insurance Carrier, and J. NEY MILES, HOWARD KEENER and L. C. HOLMES, Members of the Industrial Commission of Arizona, and VERDE CENTRAL MINES, Defendant Employer, Respondents.

Mr. Burt H. Clingan, for Petitioner.

Mr. Don C. Babbitt and Mr. Emil Wachtel, for Respondent Industrial Commission.

LOCKWOOD, J.—George Ossic, hereinafter called petitioner, while working for the Verde Central Mines at Jerome, Arizona, was on February 17, 1930, very seriously injured through an accident arising out of and in the due course of his employment. He was given the best possible medical attention and compensation for temporary disability at an expense to the Industrial Commission, hereinafter called the commission, of over $6,500, it being the insurance carrier for his employer. On the 16th day of March, 1934, the commission came to the conclusion that his temporary disability had ceased and made an award so finding, and, in addition, found that he had suffered permanent partial disability which entitled him to certain additional compensation. On April 5th petitioner filed with the commission a letter, which, although informal in its nature, is very clearly an objection to the award of March 16th, and a request for a rehearing on the matter. Indeed, the commission does not dispute its sufficiency as such. On the next day he filed a more formal application. Thereafter, and on the 18th day of April, the petition for rehearing was denied, upon the ground that it was not made within the time allowed by the rules of the commission.

There are many questions raised on this appeal, but we think we need consider only whether or not the petition for rehearing was filed in time. We have said in the case of *Edens* v. *L. E. Dixon Const. Co.*, 42 Ariz. 519, 27 Pac. (2d) 1107, in regard to awards made without a formal hearing at which the injured party is given an opportunity to be present with his witnesses:

" . . . We think that, under the provisions of section 1453, *supra,* its original investigation and an award thereon may be made without the necessity of

a formal hearing, *provided always that a dissatisfied party may have a rehearing on the award, at which time he will be given opportunity to present his evidence in the usual manner.* This rehearing is always permitted on any award by the rules and regulations of the commission, and it is only where a party has requested a rehearing and has been denied the right at such rehearing to present his case in a formal way that he may be heard to complain in this court that the manner in which the award is determined is improper. This rule enables the commission to deal promptly with the applications for compensation, while at the same time a dissatisfied party is amply protected in all of his rights. . . . '' (Italics ours.)

The commission has recognized this principle and has provided by its rules that an application for rehearing may be made at any time "within twenty days" after the award.

The question as to what is meant by such a phrase has been considered frequently. In the case of *Sheets* v. *Selden,* 2 Wall. 177, 190, 17 L. Ed. 822, the Supreme Court of the United States said:

'' . . . The general current of the modern authorities on the interpretation of contracts, and also of statutes, where time is to be computed from a particular day or a particular event, as when an act is to be performed within a specified period from or after a day named, is to exclude the day thus designated, and to include the last day of the specified period.

'' 'When the period allowed for doing an act,' says Mr. Chief Justice BRONSON, 'is to be reckoned from the making of a contract, or the happening of any other event, the day on which the event happened may be regarded as an entirety, or a point of time; and so be excluded from the computation.' *Cornell* v. *Moulton,* 3 Denio [N. Y.] 16; see, also, *Bigelow* v. *Willson,* 1 Pick [Mass.] 485.''

And this is the view taken by practically all of the authorities. Applying this rule of law, the date on

which the award was made, March 16th, cannot be considered as part of the twenty days. The 5th day of April was therefore the last day on which the application for rehearing would have been timely, and the record shows that it was made on that day, which brings it within the rule. It was therefore error for the commission to refuse to grant petitioner a rehearing upon the award of March 16th. For this reason, the award is set aside.

ROSS, C. J., and McALISTER, J., concur.