S. H. Fogel v. Commissioner.
S. H. Fogel v. Commissioner
Docket No. 26265.
United States Tax Court
1951 Tax Ct. Memo LEXIS 107; 10 T.C.M. (CCH) 859; T.C.M. (RIA) 51271; September 10, 1951
*107 William P. Fonville, Esq., 1038 Mercantile Bank Bldg., Dallas, Tex., for the petitioner. John W. Alexander, Esq., for the respondent. JOHNSON Memorandum Opinion JOHNSON, Judge: Respondent has determined a deficiency in income tax for the calendar year 1945 in the amount of $14,730.34. Respondent in his notice of deficiency made several adjustments increasing petitioner's income. The only adjustment placed in issue by petitioner is the increase in net income in the amount of $8,331.25, resulting from respondent's holding that petitioner's gain from the sale of a futures contract was short-term rather than long-term capital gain. The only issue for our determination is whether the gain from the sale of a futures contract calling for 50,000 bushels of rye acquired on June 19, 1945, and sold on December 19, 1945, is taxable as a longterm rather than a short-term capital gain. The case was submitted on a stipulation of facts which is incorporated herein. [The Facts] Petitioner is an individual residing in Dallas, Texas. The return for the period here involved was filed with the collector of internal revenue for the second district of Texas. At the time of *108 or in the transaction herein set out, petitioner was not a dealer in grain or commodities futures. On June 19, 1945, petitioner on grain futures contract purchased for his own account 50,000 bushels of rye for December delivery. On December 19, 1945, petitioner sold on futures contract the 50,000 bushels of rye. Petitioner realized a gain of $16,662.50. This gain resulted from the sale of a capital asset. [Opinion] The determination of the sole issue here presented is based upon the construction of the phrase "held for more than 6 months", found in section 117 (a) (4) [1], Internal Revenue Code. This Court has previously considered this question in Harriet M. Hooper (1932), 26 B.T.A. 758. There the question was whether or not the taxpayer had realized capital gain within the provisions of section 208 of the Revenue Act of 1926 from the sale of real estate on October 10, 1927, which had been purchased October 10, 1925. That section required that such profit, to constitute capital gain, must have been "held by the taxpayer for more than two years". This Court, in deciding that the property had not been "held for more than two years" in compliance *109 with the statute, stated: "In order for there to be any measurement of the duration of or the length of the period for which the petitioner held the property, such period must have a starting point or time of beginning, and such time of beginning must be regarded either as a day or as an event. In order for the petitioner to get the relief here sought, she must have held the property for more than two years from the time she acquired it, or the beginning point of measurement, whether such point is regarded as a day or as an event. We think it is immaterial whether the beginning point be considered as a day or as an event, since the rule for the computation of time as laid down by the Supreme Court appears to be the same in either case. In Sheets v. Selden's Lessee, 2 Wall. 177, 190, the Supreme Court said: "The general current of the modern *110 authorities on the interpretation of contracts, and also of statutes, where time is to be computed from a particular day or a particular event, as when an act is to be performed within a specified period from or after a day named, is to exclude the last day of the specified period. 'When the period allowed for doing an act,' says Mr. Chief Justice Bronson, 'is to be reckoned from the making of a contract, or the happening of any other event, the day on which the event happened may be regarded as an entirety, or a point of time; and so be excluded from the computation.'" In a later case, E. T. Weir (1948), 10 T.C. 996; affd. (C.A. 3, 1949), 173 Fed. (2d) 222, this Court followed and applied the rule of construction of the Hooper case, supra, in sustaining respondent's determination that a short-term capital gain was realized upon the sale, on November 1, 1944, of stock purchased May 1, 1944. Petitioner recognizes both the Hooper and the Weir cases, but argues that this Court erred in basing the construction of the statute on the authority of Sheets v. Selden's Lessee, 2 Wall. 177. In that case, petitioner argues, the Supreme Court had before *111 it an instrument which provided that the rights and privileges secured to lessees should cease and determine "if any installment should remain unpaid for one month from the time it should become due" and that the first day did not enter into the computation inasmuch as the Court construed "from" as meaning exclusive of the first day. Petitioner then points out that the statute here in question does not contain the word "from" and therefore concludes that this Court erred in the Hooper case in its application of the rule in the Sheets case. It is also argued by petitioner that the Sheets case was concerned with the computation of a period of grace and not the measurement of a period for which an asset was held and cites Taylor v. Brown, 147 U.S. 640, as authority. In Taylor v. Brown, supra, a patent to lands was issued to an Indian on June 15, 1880, under a statute which provided that the title to such lands "shall be and remain inalienable for a period of five years from the date of the patent issued therefor". The Indian conveyed to others on June 15, 1885. The issue was whether the five-year restraint on alienation had expired at the time of the conveyance. *112 The conclusion was reached that the day of acquisition was to be included in the computation of the five-year period and that therefore the land had been held for five years. The Court in the Taylor case, however, in stating the rule that the day on which an act was done is to be included in a computation of time, recognized that this was not a universal rule, citing the Sheets case. An extensive review of cases considering the question of computation of time reveals that the circumstances of the individual case are as determinative of the issue as are prior decisions. The tendency in the construction of a statute, as revealed by the cases, is to refrain from the destruction of a bona fide transaction or title and this appears particularly evident where title to land is concerned. See Griffith v. Bogert, 18 How. 158. In the instant case title is not in issue nor will a holding contrary to that contended for by petitioner destroy a bona fide transaction. To hold as petitioner would have us shatter a long-established rule of this Court and destroy a degree of constancy relied upon in the administration of the revenue acts. This, we believe, is not justified under the facts *113 here presented and therefore we rely upon the rule established in the Hooper case and followed in the Weir case. We hold that petitioner had not held the property "for more than 6 months" and therefore affirm respondent's determination. Decision will be entered for the respondent. Footnotes
1. SEC. 117. CAPITAL GAINS AND LOSSES. (a) Definitions. - As used in this chapter - * * *
(4) Long-Term Capital Gain. - The term "long-term capital gain" means gain from the sale or exchange of a capital asset held for more than 6 months, if and to the extent such gain is taken into account in computing net income.↩