MARTIN TOW, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 86406. Filed August 18, 1961.

*J. Ronald Trost, Esq.*, for the petitioner.
*Herbert A. Seidman, Esq.*, for the respondent.

OPINION.

ARUNDELL, *Judge:* Respondent determined a deficiency in income tax for the calendar year 1954 in the amount of $12,041.85. The parties have stipulated that:

If the Court determines that the petitioner was present within the United States for a period or periods aggregating 90 days or more during the calendar year 1954, then it is agreed by and between petitioner and respondent that the correct deficiency in this case is $11,054.22.

The only question presented is whether, during the taxable year 1954, petitioner was "present in the United States for a period or periods aggregating less than 90 days" as that phrase is used in section 871(a) (2) (A), I.R.C. 1954,[1] or whether petitioner was "present in the United States for a period or periods aggregating 90 days or more" as that phrase is used in section 871(a) (2) (B).[1]

---

[1] SEC. 871.  TAX ON NONRESIDENT ALIEN INDIVIDUALS.

(a) (2) CAPITAL GAINS OF ALIENS TEMPORARILY PRESENT IN THE UNITED STATES.—In the case of a nonresident alien individual not engaged in trade or business in the United States, there is hereby imposed for each taxable year, in addition to the tax imposed by paragraph (1)—

(A) if he is present in the United States for a period or periods aggregating less than 90 days during such taxable year—a tax of 30 percent of the amount by which his gains, derived from sources within the United States, from sales or exchanges of capital assets effected during his presence in the United States exceed his losses, allocable to sources within the United States, from such sales or exchanges effected during such presence ; or

(B) if he is present in the United States for a period or periods aggregating 90 days or more during such taxable year—a tax of 30 percent of the amount by which his gains, derived from sources within the United States, from sales or exchanges of capital assets effected at any time during such year exceed his losses, allocable to scources within the United States, from such sales or exchanges effected at any time during such year.

We find the facts as stipulated and set forth only those deemed necessary in reaching our decision.

Petitioner is a nonresident alien individual. He filed a nonresident alien income tax return (Form 1040NB-a) with the district director of internal revenue at Baltimore, Maryland, for the calendar year 1954. On this return he gave his address as Buenos Aires, Argentina.

Petitioner was not engaged in a trade or business within the United States at any time during the taxable year 1954.

Petitioner first arrived in the United States during the taxable year 1954 on April 19, 1954, at 9:10 a.m., eastern daylight time. He departed from the United States on June 24, 1954, at 5:25 p.m., eastern daylight time.

Petitioner returned to the United States on August 29, 1954, at 6:22 a.m., eastern standard time. He departed from the United States on September 21, 1954, at 3:30 p.m., eastern standard time.

Petitioner was not present in the United States for any period of time during the taxable year 1954 other than the two periods mentioned in the two preceding paragraphs.

In a statement attached to the deficiency notice, the respondent explained certain adjustments to taxable income in language as follows:

It is held that you were present in the United States for a period or periods aggregating 90 days or more during the taxable year within the meaning of section 871(a)(2)(B) of the Internal Revenue Code of 1954. Therefore, in accordance with section 871(b)(1) of the Internal Revenue Code of 1954 your gross income includes the excess of gains over losses from sales of capital assets effected, not only during your presence in the United States as disclosed by your return, but at any time during the taxable year.

Respondent, in aggregating the number of days petitioner was present in the United States during the taxable year 1954, includes in his computation of time the days petitioner arrived in the United States as well as the days petitioner departed from the United States. By so doing, respondent has determined that petitioner was present in the United States for periods aggregating 91 days during 1954, and should therefore be governed by section 871(a)(2)(B), *supra*.

On the other hand, petitioner contends that under the well-accepted rule for the computation of periods of time, the first day of each of petitioner's two visits to the United States in 1954 should be excluded and the last day of each visit should be included, thus making petitioner's presence in the United States an aggregate of 89 days, which calls for the application of section 871(a)(2)(A), *supra*.

We agree with petitioner. We cannot distinguish the computation-of-time problem presented here from the computation-of-time problem presented in *Harriet M. Hooper*, 26 B.T.A. 758, appeal to C.A. 2 dismissed January 30, 1933. The question in that case was whether the taxpayer had "held" certain property "for more than two years"

under section 208(a)(8) of the Revenue Act of 1926. The taxpayer acquired the property on October 10, 1925, and sold it on October 10, 1927. There the Commissioner was contending for the opposite of what he is contending for in the instant case, and we agreed with the Commissioner that under the general rule laid down by the Supreme Court in *Sheets* v. *Selden's Lessee*, 2 Wall. 177, the time the taxpayer "held" the property was to be computed by excluding the day on which she acquired it, October 10, 1925, and including the day on which she sold it, October 10, 1927. In our opinion we said "A computation made in accordance with that method makes it apparent that the petitioner held the property for exactly two years and not 'for more than two years.' " We see no difference in principle between the *Hooper* case and the instant case, for there the taxpayer was actually *holding* the property on the day she acquired it just as petitioner in the instant case was actually *present* in the United States on the days that he arrived. In both cases the question is how to compute the period or periods of time there involved.

We followed the *Hooper* case in *E. T. Weir*, 10 T.C. 996, and were affirmed per curiam 173 F. 2d 222 (C.A. 3, 1949). See also Rule 61 of our Rules of Practice regarding the computation of time wherein we provide that "The day of the act, event, or default starting any period of time prescribed or allowed by these Rules or by an order of this Court shall not be counted as a part of the period * * *" and *Fogel* v. *Commissioner*, 203 F. 2d 347 (C.A. 5, 1953), affirming a Memorandum Opinion of this Court. The taxpayer in the *Fogel* case had acquired certain property on June 19, 1945, and later sold the property on December 19, 1945. The question was whether, under section 117(a)(4), I.R.C. 1939, the taxpayer had held the property "for more than 6 months." In affirming our opinion that the taxpayer had *not* held the property for *more* than 6 months, the Circuit Court said:

In computing a period of time, the beginning of which is determined by a given date, or by an event [in the instant case the arrivals of petitioner in the United States], the general rule is that the designated date, or the day of the event, is to be excluded, while the last day of the period is to be included. [Citations.]

The rule just stated is not universally applied because the circumstances and consequences implicit in the problem under consideration sometimes dictate the application of another rule. Compare *Taylor* v. *Brown*, 147 U.S. 640 * * *. But these are regarded as exceptions to the general rule. * * * In *Taylor* v. *Brown, supra*, the court included the first day of the period but excluded the last day. So even that case does not sanction including *both* days. And the court recognized that the method of computation there employed was a departure from the general rule.

Although petitioner's arguments to the contrary possess the merit of ingenuity and resourcefulness, it is our view that in adopting the language under consideration, Congress had in mind * * * that in computing the six month period

the day of acquisition should be excluded, while the day of sale is to be included, according to the well established general rule. *In re Harriet M. Hooper*, 26 B.T.A. 758; *In re E. T. Weir*, 10 T.C. 996, affirmed 3 Cir., 173 F. 2d 222; *Sheets* v. *Selden's Lessee, supra.* * * *

The cases involving an exception to the general rule, like *Taylor* v. *Brown*, 147 U.S. 640, involved special circumstances not present in the instant case. In *Taylor* v. *Brown*, a patent to lands was issued to an Indian on June 15, 1880, under a statute providing that the title to such lands "shall be and remain inalienable for a period of five years from the date of the patent." The Indian sold the lands on June 15, 1885. The question was whether the 5-year restraint on alienation had expired on the day of sale. In order not to invalidate the sale, the Supreme Court held, in computing the period of 5 years, the day of acquisition was to be included and the day of sale excluded. It is thus apparent that even the exception to the general rule would not be of any help to the respondent in the instant case for, as noted by the Court in *Fogel*, the exception "does not sanction including *both* days."

We hold that, during the taxable year 1954, petitioner was "present in the United States for a period or periods aggregating less than 90 days" as that phrase is used in section 871(a)(2)(A), *supra*. He was first present from April 19, 1954, to June 24, 1954. Applying the general rule of excluding the first day and including the last day, as was applied in *Harriet M. Hooper, E. T. Weir*, and *Fogel* v. *Commissioner*, all *supra*, there should be included 11 days in April, 31 days in May, and 24 days in June, or a total of 66 days. Petitioner was again present from August 29, 1954, to September 21, 1954, consisting of 2 days in August and 21 days in September, or a total of 23 days. The aggregate of the two periods is 89 days.

Although the parties have stipulated what the correct deficiency would be if we held that petitioner was present in the United States for periods aggregating 90 days or more, they have not indicated what the result would be if we held, as we do, that petitioner was present in the United States for periods aggregating less than 90 days. Therefore, the

*Decision will be entered under Rule 50.*