ALLIED UTILITIES CORPORATION, TRANSFEREE, PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 6072-73.    Filed September 11, 1975.

*Jerry T. Light* and *Lewis H. Mathis,* for the petitioner.
*Randolph A. Monsur,* for the respondent.

SCOTT, *Judge:* Respondent determined that petitioner was liable, as transferee, for a deficiency in Federal income tax in the

---

amount of $4,333 of Crossett Telephone Co. for its taxable year ending May 6, 1965.

The only issue for decision is whether Crossett Telephone Co. in computing its surtax under section 11, I.R.C. 1954,[1] is entitled to a surtax exemption in the amount of $25,000 or in the amount of $8,334.

FINDINGS OF FACT

Some of the facts have been stipulated and are found accordingly.

Allied Utilities Corp. (petitioner) is an Arkansas corporation which had its principal office in Little Rock, Ark., at the time of the filing of the petition in this case. Petitioner is the transferee, as defined in section 6901, of the assets of Crossett Telephone Co.

Allied Telephone Co. (Allied), a corporation organized under the laws of the State of Arkansas, was interested in acquiring the rights and facilities necessary for the rendition of telephone service to the residents of Crossett, Ark., and environs which were held and owned by Public Utilities Corp. of Crossett (Public).

Prior to May 5, 1965, Allied approached representatives of the shareholders of Public and offered to purchase Public's telephone assets from Public. A sale price in the approximate amount of $2,250,000 was agreeable to both parties but the representatives of the shareholders of Public insisted that the transfer of assets be structured as a sale of the outstanding shares of stock of a subsidiary corporation of Public that Public proposed to form and to which Public would transfer its telephone operating assets and liabilities. Allied agreed to acquire the telephone assets of Public in this manner.

To finance the cost of purchasing the shares of stock of Public's proposed telephone subsidiary, Allied formed petitioner which was to purchase the shares of stock with funds derived from paid-in capital and borrowings from a financial institution to which Allied would pledge the outstanding shares of petitioner's stock as security for the loan. Allied and petitioner contemplated that upon acquisition of the shares of Public's proposed telephone subsidiary the subsidiary would be dissolved and the telephone assets would be ultimately held by petitioner.

---

[1] All references are to the Internal Revenue Code of 1954 in effect for the taxable year in issue.

During the calendar year 1965, all of the outstanding stock of petitioner was owned by Allied.

On May 5, 1965, Crossett Telephone Co. (Crossett) was formed by Public. Crossett was organized under the laws of the State of Arkansas and its articles of incorporation were filed with both the secretary of state for the State of Arkansas and the county and probate clerk of Pulaski County, Ark., on May 5, 1965. Public transferred its telephone assets and liabilities to Crossett in exchange for Crossett's capital stock. On that same date Public was liquidated and its assets, including its shares of stock of Crossett, were distributed to Public's shareholders.

On May 5, 1965, petitioner was granted the authority by the Arkansas Public Service Commission to purchase the outstanding shares of stock of Crossett, to dissolve Crossett, to take title to all assets used to render telephone service to subscribers in and around Crossett, Ark., and to render telephone service to that area.

On the afternoon of May 5, 1965, sometime after 2 p.m., petitioner paid the approximate amount of $2,250,000 to the representatives of the shareholders of Crossett for all of Crossett's outstanding shares of stock which shares were transferred to petitioner. Within 1½ hours thereafter the board of directors and stockholders of Crossett had a joint meeting to take the necessary action to dissolve and liquidate Crossett. A resolution was adopted by the directors and stockholders of Crossett that Crossett be dissolved and that the directors as trustees liquidate the corporation and after paying the corporate debts, transfer the properties of the corporation to the stockholders. The meeting was adjourned after the offices of the secretary of state had closed. Consequently, it was not until the following day, May 6, 1965, that the certificate of dissolution of Crossett was filed with the secretary of state for the State of Arkansas and the county and probate clerk of Pulaski County, Ark. The minutes of the joint meeting and the certificate of the president and secretary of Crossett both of which were attached to the certificate of dissolution recited that the joint meeting of the board of directors and shareholders was held at 11 a.m. on May 5, 1965.

From the time petitioner acquired all of the shares of stock of Crossett on May 5, 1965, until sometime during May 6, 1965, all of the outstanding stock of Crossett was owned by petitioner.

On or about July 14, 1965, Crossett filed a corporate income tax return (Form 1120) for its taxable year stated as beginning May 5, 1965, and ending May 6, 1965, with the District Director of Internal Revenue, Little Rock, Ark. The return reflected no operating income but substantial taxable income which was explained as "Section 1245 ordinary income" and "Unamortized pension past service costs." Crossett computed its income surtax based on a surtax exemption in the amount of $25,000.

Respondent in his notice of deficiency determined that Crossett was a member of a controlled group of three corporations, that the group was entitled to equally share a surtax exemption in the amount of $25,000 among themselves, and that Crossett was entitled to a surtax exemption in the amount of $8,334.

### OPINION

The parties recognize that petitioner as transferee of the assets of Crossett is liable under section 6901 for the deficiency, if any, in the income tax of Crossett for its taxable year ending on or about May 6, 1965, plus interest thereon as provided by law.

Section 11 as applicable to the year here in issue in part provided for the imposition of a surtax for each taxable year of a corporation equal to 26 percent of the taxable income of the corporation in excess of the surtax exemption of $25,000 except as otherwise determined under section 1561. Section 1561(b) [2] as applicable to the year here in issue provided in part that if a corporation has a short taxable year which does not include a December 31, and is a component member of a controlled group of corporations with respect to such short taxable year, then the surtax exemption of such corporation for such short taxable year shall be an amount equal to $25,000 divided by the number of

---

[2] SEC. 1561. SURTAX EXEMPTIONS IN CASE OF CERTAIN CONTROLLED CORPORATIONS.

(b) CERTAIN SHORT TAXABLE YEARS.—If a corporation—

(1) has a short taxable year which does not include a December 31, and

(2) is a component member of a controlled group of corporations with respect to such taxable year,

then for purposes of this subtitle the surtax exemption of such corporation for such taxable year shall be an amount equal to $25,000 divided by the number of corporations which are component members of such group on the last day of such taxable year. For purposes of the preceding sentence, section 1563(b) shall be applied as if such last day were substituted for December 31.

corporations which are component members of such group on the last day of such short taxable year.

The parties recognize that Allied, petitioner, and Crossett were a controlled group of corporations under section 1563(a) and (d) since Allied owned directly all the outstanding shares of stock of petitioner and petitioner owned directly all the outstanding shares of stock of Crossett.

The parties recognize that if Crossett were a component member of the controlled group of corporations which consisted of Allied, petitioner, and Crossett with respect to Crossett's short taxable year, then Crossett was entitled to a surtax exemption only in the amount of $8,334 ($25,000 divided by the number of corporations in the controlled group on the last day of Crossett's taxable year) since there was no plan which was consented to by the component members of the controlled group that apportioned any differently the surtax exemption in the amount of $25,000 among them pursuant to section 1561(a)(2), nor was there an election under section 1562 by the controlled group to have each of its component members have the benefit of a surtax exemption in the amount of $25,000 and pay the additional tax required where such election is made.

Petitioner contends that Crossett existed for a brief period of time on May 5, 1965, and that its short taxable year began on May 5, 1965, and ended on the afternoon of the same day when it ceased to exist since it was dissolved de facto at such time, relying on *Wier Long Leaf Lumber Co. v. Commissioner*, 173 F. 2d 549 (5th Cir. 1949), affg. in part and revg. in part 9 T.C. 990 (1947), and other cases of similar import. Petitioner argues that under section 1563(b)(1)(B) Crossett was not a component member of the controlled group with respect to its short period as there was no December 31, the date on which a determination is made with respect to the membership of a group, included in its short taxable year that began and ended on May 5, and Crossett could not be treated as an additional member pursuant to section 1563(b)(3) since Crossett was not a member of the group for one-half or more of the number of days in its taxable year preceding December 31. It is petitioner's further contention that the only day of its taxable year, May 5, was attributable to the shareholders of Crossett who had sold their stockholdings to petitioner, applying the rule of construction in computing periods of time which excludes the day of acquisition in reliance on

*Harriet M. Hooper,* 26 B.T.A. 758 (1932), and other similar cases.

Respondent contends that with respect to Crossett's short taxable year Crossett was a component member of the controlled group of the three corporations. It is respondent's position that under section 1563(b)(1)(B) Crossett was an additional member pursuant to section 1563(b)(3) since for one-half or more of its taxable year Crossett was a member of the controlled group whether its taxable year were considered 1 or 2 days, although respondent contends that Crossett's taxable year began on May 5, the date of its incorporation, and ended on May 6, the date of its legal dissolution under local law.

Section 1563(b)(1)[3] provides the definition of a component member of a controlled group of corporations and under section 1563(b)(1)(A) a corporation is a component member of a controlled group of corporations on a December 31 of any taxable year and for the taxable year that included such December 31 if it is a member of such controlled group on the December 31 included in such year and is not otherwise excluded under section 1563(b)(2). However, the determination of whether a corporation which files a return for a short taxable year which does not include a December 31 is a component member of a controlled group of corporations on the last day of its short taxable year is made by applying the definition of a component member under section 1563(b) as if the last day of such short taxable year were a December 31. Sec. 1561(b), n. 2 *supra;* sec. 1.1561-2(b)(1), Income Tax Regs.[4]

---

[3] SEC. 1563. DEFINITIONS AND SPECIAL RULES.

(b) COMPONENT MEMBER.—

(1) GENERAL RULE.—For purposes of this part, a corporation is a component member of a controlled group of corporations on a December 31 of any taxable year (and with respect to the taxable year which includes such December 31) if such corporation—

(A) is a member of such controlled group of corporations on the December 31 included in such year and is not treated as an excluded member under paragraph (2), or

(B) is not a member of such controlled group of corporations on the December 31 included in such year but is treated as an additional member under paragraph (3).

[4] Sec. 1.1561-2(b)(1) provides as follows:

(b) *Certain short taxable years*—(1) *General rule.* If (i) the return of a corporation is for a short period (ending after December 31, 1963) which does not include a December 31, and (ii) such corporation is a component member of a controlled group of corporations with respect to such short period, then for purposes of subtitle A of the Code the surtax exemption of such corporation for such short period shall be an amount equal to $25,000 divided by the number of corporations which are component members of such group on the last day of such short period. For purposes of the preceding sentence, the term "short period" does not include any period if the income for such period is required to be included

The parties agree that Crossett was a viable corporation both in form and substance and its existence and taxable year began on May 5, 1965, the date it was incorporated under Arkansas law, *Ajax Engineering Corp.*, 17 T.C. 87, 91-92 (1951), affd. per curiam 196 F. 2d 727 (3d Cir. 1952), and terminated either on May 5, 1965, the date petitioner contends its de facto dissolution occurred, or on May 6, 1965, the date of its dissolution under local law. The period during which Crossett was in existence determines the short period for which a return is required to be filed and the period for which the return is made determines Crossett's taxable year. See secs. 441 and 443(a)(2); sec. 1.443-1(a)(2), Income Tax Regs.

The petitioner on brief specifically concedes that if we find that Crossett "existed *for tax purposes* until 8:30 a.m., May 6, 1965, the time at which the formal certificate of dissolution was filed with the Secretary of State, the Respondent must prevail."

In our view the proof as to the period of existence of Crossett is inconclusive. However accepting, as we do, petitioner's concession as to the correctness of respondent's determination if Crossett's existence extended into May 6, and even agreeing with petitioner that Crossett's existence terminated on May 5, we conclude that Crossett was a member of the controlled group for its short taxable year.[5] Because of the provisions of section 1561(b)(2) and section 1.1561-2(b)(1), Income Tax Regs., the last day of Crossett's taxable year, May 5, is substituted for December 31 of its short taxable year for purposes of section 1563(b)(1)(A). With this substitution Crossett was a component member of the controlled group of corporations consisting of Allied, petitioner, and Crossett on the last day of its taxable year and with respect to its taxable year including such last day, unless otherwise excluded, since Crossett was wholly owned by petitioner and petitioner by Allied on the last day of Crossett's short taxable year ended on May 5, 1965. Section 1563(b)(1)(A) specifically provides that a corporation which is a member of the controlled group on the last

---

in a consolidated return under sec. 1.1502-76. The determination of whether a corporation is a component member of a controlled group of corporations on the last day of a short period is made by applying the definition of "component member" contained in section 1563(b) and sec. 1.1563-1 as if the last day of such short period were a December 31 occurring after December 31, 1963.

[5] We consider the issue here to be much more difficult if May 6, 1965, is considered to be the last day of Crossett's short taxable year and therefore emphasize that we are making no determination on this factual assumption.

day of its taxable year, as was Crossett, is to be treated as a component of such group unless it is treated as an excluded member under section 1563(b)(2).[6] Crossett does not qualify under section 1563(b)(2) for treatment as an excluded member of such controlled group for its short taxable year. Under section 1563(b)(2) (the last day of a corporation's short taxable year having been substituted for December 31 in accordance with section 1561(b)(2)) a corporation which is a member of a controlled group on the last day of its short taxable year but was a member of such group for less than one-half of the number of days in such short taxable year which preceded such last day is treated as an excluded member of the group with respect to its short period. Sec. 1.1563-1(b)(2)(i), Income Tax Regs. Crossett was not a member of the controlled group for less than half of the number of days which preceded the last day of its taxable year, if such last day is considered as May 5. In the event May 5 is such last day, there would be no days in its taxable year which preceded such last day and consequently Crossett was not a member for less than half of the number of days in the taxable year preceding May 5, there being no such days.

Petitioner in its argument does not reach the issue of whether Crossett is an excluded member of the controlled group since it takes the position that Crossett otherwise would not be considered a member of the controlled group on May 5. Petitioner argues that although Crossett was actually a member of the controlled group for some part of May 5 it should not be regarded as a member for that day, applying the rule of construction which computes a period of time from the occurrence of an event during a particular day by excluding the day during which the event occurred. The rule of construction which we have adopted in determining the period of time for which

---

[6] Sec. 1563(b)(2) provides as follows:

(2) EXCLUDED MEMBERS.—A corporation which is a member of a controlled group of corporations on December 31 of any taxable year shall be treated as an excluded member of such group for the taxable year including such December 31 if such corporation—

(A) is a member of such group for less than one-half the number of days in such taxable year which precede such December 31,

(B) is exempt from taxation under section 501(a) (except a corporation which is subject to tax on its unrelated business taxable income under section 511) for such taxable year,

(C) is a foreign corporation subject to tax under section 881 for such taxable year,

(D) is an insurance company subject to taxation under section 802 or section 821 (other than an insurance company which is a member of a controlled group described in subsection (a)(4)), or

(E) is a franchised corporation, as defined in subsection (f)(4).

property was "held" is to exclude the day the property was acquired and include the day it was sold. *Harriet M. Hooper, supra; E. T. Weir,* 10 T.C. 996 (1948), affd. per curiam 173 F. 2d 222 (3d Cir. 1949).

In *Martin Tow,* 36 T.C. 861, 863 (1961), we applied the rationale of the *Hooper* and *Weir* cases in determining the number of days an alien was present in the United States stating: "We see no difference in principle between the *Hooper* case and the instant case, for there the taxpayer was actually *holding* the property on the day she acquired it just as petitioner in the instant case was actually *present* in the United States on the days that he arrived." In *Martin Tow* we further pointed out that those cases "involving an exception to the general rule, like *Taylor v. Brown,* 147 U.S. 640" do "not sanction including both days" but rather included the day of acquisition of the property and excluded the day of its disposition. In the instant case if we accept petitioner's theory that it both acquired the Crossett stock and liquidated Crossett on May 5, then May 5 is both the day of "acquisition" and of "disposition" of the stock.

Applying the rule of construction set forth in the *Hooper, Weir,* and *Tow* cases to determine the number of days for which Crossett was a member of the controlled group consisting of Allied, petitioner, and Crossett, the day during which petitioner purchased the Crossett shares is excluded and the day during which petitioner disposed of the Crossett shares is included. If both of these events occurred on the same day, May 5, then in applying the rule of construction to the facts in this case the number of days during which Crossett was a member of the controlled group is 1 day, May 5.

Petitioner refers to example 1 in section 1.1563-1(b)(4) [7] of

---

[7] Sec. 1.1563-1(b)(4) provides in part as follows:

(4) *Examples.* The provisions of this paragraph may be illustrated by the following examples:

*Example (1).* Brown, an individual, owns all of the stock of corporations W and X on each day of 1964. W and X each uses the calendar year as its taxable year. On January 1, 1964, Brown also owns all the stock of corporation Y (a fiscal year corporation with a taxable year beginning on July 1, 1964, and ending on June 30, 1965), which stock he sells on October 15, 1964. On December 1, 1964, Brown purchases all the stock of corporation Z (a fiscal year corporation with a taxable year beginning on September 1, 1964, and ending on August 31, 1965). On December 31, 1964, W, X, and Z are members of the same controlled group. However, the component members of the group on such December 31 are W, X, and Y. Under subparagraph (2)(i) of this paragraph, Z is treated as an excluded member of the group on December 31, 1964, since Z was a member of the group for less than one-half of the number of days (29 out of 121 days) during the period beginning on September 1, 1964 (the first day of its taxable year) and ending on December 30, 1964. Under

respondent's regulations as supporting its position. However, this regulation is not concerned with a corporation the stock of which is acquired and disposed of by one taxpayer in 1 day. We see no reason why a corporation cannot be a member of more than one controlled group on the same day if it has been bought and sold by more than one group on that day. Cf. sec. 1563(b)(4). The fact that Crossett may have been a member of a controlled group other than that including petitioner on May 5, does not preclude it from also being a member of the controlled group that included petitioner on May 5. The rule of construction which we have adopted in the *Tow* and similar cases is designed to prevent the inclusion in the computation of a period of time of both the day on which a specified event began and terminated but it does not exclude from the computation of a period of time that day on which both of the specified events occurred. This construction of the statute effectuates the clear legislative intent of limiting the reduction of surtax exemptions to cases in which the common owner of the controlled group would otherwise derive the principal benefit from the allowance of the exemption. S. Rept. No. 830, 88th Cong., 2d Sess. (1964), 1964-1 (Part 2) C.B. 502, 657.

Crossett does not qualify for treatment as an excluded member under the remaining provisions of section 1563(b)(2) as Crossett was not exempt from taxation under section 501(a), was not a foreign corporation subject to tax under section 881, was not an insurance company subject to tax under section 802 or 821, and was not a franchised corporation under section 1563(f)(4).

In conclusion, we find that under section 1563(b) Crossett was a member of a controlled group of corporations that included Allied, petitioner, and Crossett with respect to Crossett's short taxable year, and consequently, pursuant to section 1561(b), we hold that the surtax exemption of Crossett for its short taxable year was in the amount of $8,334 and petitioner, as transferee, is liable for the deficiency in Crossett's tax resulting from the reduction in its surtax exemption.

*Decision will be entered for the respondent.*

---

subparagraph (3) of this paragraph, Y is treated as an additional member of the group on December 31, 1964, since Y was a member of the group for at least one-half of the number of days (107 out of 183 days) during the period beginning on July 1, 1964 (the first day of its taxable year) and ending on December 30, 1964.