THOMAS B. BLAKE, JR. AND SUE H. BLAKE, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent; JOYCE M. BLAKE, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Blake v. Commissioner
Docket Nos. 24872-83, 28725-83.
United States Tax Court
T.C. Memo 1986-103; 1986 Tax Ct. Memo LEXIS 508; 51 T.C.M. (CCH) 606; T.C.M. (RIA) 86103; March 17, 1986. *508 Held: Installment payments under separation agreement found to be due within 10 years for purposes of section 71(c)(2) as then in effect. Richard A. Childs, counsel for the petitioners in Docket *509 No. 24872-83. Morton A. Harris, counsel for the petitioner in Docket No. 28725-83. Roslyn G. Taylor, for the respondent. WHITAKER
MEMORANDUM FINDINGS OF FACT AND OPINION WHITAKER, Judge: In these consolidated cases respondent determined deficiencies against petitioners Thomas B. Blake (Dr. Blake) and wife Sue H. Blake [1] for the years 1979 and 1980 in the amounts of $5,291.78 and $5,237.50, respectively, and against petitioner Joyce M. Blake (Mrs. Blake) for the same 2 years in the amounts of $2,456 and $3,007, respectively. The issue in each case is whether certain payments made by Dr. Blake to Mrs. Blake, his former wife, pursuant to a property settlement incorporated into a divorce decree are taxable to Mrs. Blake under section 71 [2] and thus deductible by Dr. Blake under section 215. For convenience, our Findings of Fact and Opinion are combined. Some of *510 the facts have been stipulated and are so found. At the time the petition was filed in Docket No. 24872-83, the petitioners in that case were resident of Phenix City, Alabama. At the time the petition was filed in Docket No. 28725-83, Mrs. Blake was a resident of Columbus, Georgia. Dr. Blake and Mrs. Blake were married in 1951. Four children were born of the marriage. By decree dated May 30, 1975, the Circuit Court of Russell County, Alabama, dissolved the marriage of these parties, incorporating in the decree by reference the property settlement agreement of the same date. Custody of the four children was awarded to Mrs. Blake, provision made for their support, certain assets allocated to Mrs. Blake and provision made for annual payments for a term certain in the following language: 12. It is further agreed between the Plaintiff and Defendant that the Plaintiff, Thomas B. Blake, Jr. shall pay to the Defendant and Cross-plaintiff, Joyce McCartha Blake, the sum of One Thousand and no/100--Dollars ($1,000.00) each month for a period of ten years or 120 months; and said payment shall begin thirty (30) days after the date of the granting of any decree in this case; and the payment *511 of this amount is the payment of alimony in gross and is in lieu of permanent alimony to be paid to the Defendant. The parties agree that said Paragraphs Two (2), Three (3), Five (5), Six (6), Ten (10), Eleven (11), and Twelve (12) of this agreement constitute a complete property settlement between the parties. The issue here is the tax consequence of the $1,000 per month payments during the years 1979 and 1980. Respondent is essentially a disinterested stakeholder, having issued inconsistent statutory notices to the two taxpayers but recognizing that tax treatment should be consistent. None of the parties seriously contends that the payments during each of these 2 years of $12,000 per year by Dr. Blake to Mrs. Blake constitute conventional alimony, although Dr. Blake argues that the $1,000 per month in practical effect did support Mrs. Blake. The narrow issue is whether under section 71(c)(2), as then in effect [3], these payments are required "to be paid or may be paid over a period ending more than 10 years from the date of" the decree. Although not decisive in this case the monthly $1,000 payments were not intended by the parties to be conventional alimony. The intent of *512 Mrs. Blake and her advisors was that this sum was not to be taxable to her. Dr. Blake apparently did not focus on the tax consequences at the time of the divorce. The phrase "alimony in gross" does not have a well-defined meaning in Alabama, the applicable jurisdiction for interpretation of these documents. Under Alabama cases, an "award of alimony in gross" has aspects of a property settlement as well as of an allowance of support. Dr. Blake argues that the payments did in fact support Mrs. Blake, but he also recognizes that the 120 monthly payments would continue irrespective of the remarriage of Mrs. Blake or his death. Thus, while Dr. Blake may have thought that payments to his former wife were "alimony," hence deductible under section 215, he did not misunderstand *513 the basic import of the arrangement. And his misapprehension of its tax consequences is immaterial, if in fact (notwithstanding his testimony) he did give any serious thought to tax considerations at the time, which we doubt. The payments prescribed by paragraph 12 of the support agreement are installment payments for purposes of section 71(c)(1). We must determine whether the principal sum "is to be paid or may be paid over a period ending more than 10 years from the date" for purposes of section 71(c)(2). The critical date, the expiration of the 10-year period from the date of the decree, is May 30, 1985. Dr. Blake argues first, focusing on the "period of ten years" in the support agreement and Mrs. Blake's, interpretation of the agreement as reflected in her cross-examination, that the payment period extends 28 days past the 10-year period. This argument simply ignores the "or 120 months" language of the agreement. We doubt that Mrs. Blake understood the apparent trap into which she was being led, but comments by her on the witness stand have no bearing on the issue. With more substance, Dr. Blake argues that the last payment could have been made on May 31, 1985, which *514 day is, Blake argues, 10 years and two [4] days after May 30, 1975, the date of the decree. The premise for this argument is that under the agreement and the decree, each monthly payment is timely if made on or before the last day of the applicable month. Dr. Blake computes the 10-year period to expire on May 29, 1985. However, counsel for Dr. Blake ignores the normal rule for counting time, which is that counting commences with the day after the critical date, in this case May 31, 1975. See Sheets v. Selden's Lessee,69 U.S. 177, 190 (1864); Hooper v. Commissioner,26 B.T.A. 758 (1932); Tow v. Commissioner,36 T.C. 861 (1961); Rev. Rul. 66-7, 1966-1 C.B. 188. If we exclude the designated date--the date of both the decree and the agreement--the 10-year period ends on May 30, 1985, since under this rule, we also count the last day. Similarly under the agreement the first payment was required to be made on or before June 29, 1975.One hundred twenty monthly payments later would make the final payment on or prior to May 29, 1985, or one *515 day less than 10 years. On this basis the periodic payments are treated by section 71(c)(1) as installment payments of a sum certain. This comports with the intent of the parties. Dr. Blake relies upon two decisions, United States v. Reis,214 F.2d 327 (10th Cir. 1954) and Tracy v. Commissioner,70 T.C. 397 (1978). In Reis, the Court of Appeals construed Kansas law to permit payments to be made by the end of each month. As applied here, that would be by May 31, 1985. Similarly in Tracy, we followed Mississippi law which permitted payments to be made within 30 days after the specified date, which too would be beyond the 10-year period. However, our attention has not been directed to any Alabama authority which, as applied to these facts, would permit payment to be made without default on a date later than the twenty-ninth day of each month. We construe the agreement to mean that the first payment was to be made on or before a date which was 30 days from the decree or June 29, 1975. Each succeeding monthly payment was to be made on or before the twenty-ninth day of each succeeding month thereafter for 120 months. The last payment thus *516 was due on May 29, 1985. In reaching this interpretation, we give weight to the intention of the parties, as reflected in the testimony and in the agreement itself. The use of the terminology "10 years or 120 months" obviously is derived from the 10-year period set forth in section 71(c)(2) and reflects the tax treatment desired and intended by Mrs. Blake. Dr. Blake's contention that payments would be timely if made on or before the last day of each month, rather than on or before the twenty-ninth day of each month, is by necessary implication contrary to the parties' intention since such interpretation would make the installment payments taxable to Mrs. Blake. Accordingly, we hold for petitioner Joyce M. Blake and against petitioners Thomas B. Blake, Jr. and Sue H. Blake. In Docket No. 24872-83 decision will be entered for respondent.
In Docket No. 28725-83 decision will be entered for petitioner.
Footnotes
1. Dr. Blake's present wife Sue H. Blake, is a party only by reason of having filed joint income tax returns with her husband and having joined in this petition. ↩
2. All section references are to the Internal Revenue Code of 1954, as amended and in effect during the years in issue.↩
3. Sec. 71. ALIMONY AND SEPARATE MAINTENANCE PAYMENTS. * * * (c) Principal Sum Paid in Installments.-- * * * (2) Where Period for Payment Is More Than 10 Years.--If, by the terms of the decree, instrument, or agreement, the principal sum referred to in paragraph (1) is to be paid or may be paid over a period ending more than 10 years from the date of such decree, instrument, or agreement, * * *.↩
4. It is Dr. Blake's position that the 10-year period expired on May 29, 1985.↩