24 C.C.P.A.(Patents)

## In re WENZEL. *
### Patent Appeals No. 3767.

Court of Customs and Patent Appeals.
March 22, 1937.

Ralph W. Brown, of New York City, and E. E. Weaver, of Washington, D. C., for appellant.

R. F. Whitehead, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, GARRETT, and LENROOT, Associate Judges.

LENROOT, Associate Judge.

This is an appeal from a decision of the Board of Appeals of the United States Patent Office, affirming a decision of the Examiner rejecting claims 18, 19, 20, and 22 of appellant's application for lack of invention over the cited prior art. Certain claims were allowed by the Examiner. Ap-

*Appellant's petition for rehearing denied May 3, 1937.

502

pellant's application was filed on December 6, 1929.

Claim 18 is illustrative of the subject-matter involved and reads as follows:

"18. The method of insulating walls, ceilings and the like which consists in diffusively spraying into the space therein a substantially dry flocculent material, and floating the particles thereof into light mutual contact to form a loose non-compacted mass substantially filling the space within the wall."

The references cited are: Kalkite ad.; page 7, "The Wheaton Illinoian," July 15, 1927; Chase, 318,870, May 26, 1885.

The reference last above named was not cited by the Examiner, but was cited by the Board of Appeals.

Appellant's application relates to a process of insulating hollow walls, ceilings, and the like by pneumatically spraying therein flocculent material in a dry state.

The references are accurately described in appellant's brief as follows:

"The Kalkite advertisement (Record p. 22D) is a printed publication, conceded to have been published on July 15, 1927, slightly more than two years prior to the filing date, (December 6, 1929) of appellant's application.

"It refers to an insulating material termed Kalkite, consisting of 'vegetable fibre bounded with gypsum', which is introduced into a wall space through a pneumatic hose in a manner to form a substantially rigid slab within the wall space. The ad states that the 'gypsum bond converts the Kalkite into a monolithic barrier against the passage of useful heat and the entrance of unwanted cold.' It is described as 'having a cork-like structure' and is said to 'add strength to the house walls and help to prevent settling and undue sagging.' * * *

"The Chase patent, No. 381,870, issued May 26, 1885 (Record p. 22A, 22B, and 22C) relates to a specially constructed refrigerator wall filled with 'mill-shavings, cut straw, granulated cork, or other light and elastic non-conducting material.' * * * * "

The insulating material employed by appellant differs from that described in the Kalkite advertisement in that appellant's material is comminuted, dry, and when in place is a loose noncompacted mass, while in the Kalkite advertisement the material when in place forms a solid mass. However, the material disclosed in the Chase

patent for insulating purposes is similar to the material employed by appellant.

It will be noted that the date of the Kalkite advertisement is July 15, 1927, which was more than two years prior to the date of the filing of appellant's application.

It is established by the record that the invention claimed by appellant was conceived and reduced to practice by her as early as 1924.

Three principal contentions are made by appellant, as follows:

1. That the Kalkite advertisement is not a proper reference because appellant made the invention here involved before the date of its publication, and said publication is not a statutory bar because appellant employs a different insulating material than that disclosed in said advertisement.

2. That because appellant made the claimed invention before the date of the Kalkite advertisement, it was error upon the part of the Board of Appeals to combine the disclosure of said advertisement with the disclosure of the Chase patent as a basis for finding that the involved claims lacked invention.

3. That appellant's claims are patentable, even though said references be combined.

With respect to appellant's first contention, we would observe that the Examiner made no reference to this point in his statement, nor did the Board in its original decision. Upon a motion for reconsideration, however, the Board in a second decision did discuss this point, saying:

"Appellant's main contention is that this invention was reduced to practice by this applicant long prior to July 15, 1927, the date of the Kalkite publication as established in interference No. 59,408. Yet appellant recognizes that the date of the publication is more than two years prior to the filing date of his application so that the publication is a statutory bar as to all that it discloses.

"It seems to be appellant's position that to defeat the appealed claims, the publication must disclose a method substantially that defined in the claims and the publication cannot be used as a primary reference with which a secondary reference is combined to meet the terms of the claims. We know of no authority in support of such contention and appellant has cited none. It is our view that the Kalkite advertisement is a proper reference as used by us."

We are of the opinion that the Kalkite publication is a statutory bar (35 U.S.C.A. § 31) against the patenting of any invention disclosed in said publication, when the date of application for patent is more than two years subsequent to the date of the publication, even though the invention sought to be patented was made prior to the date of the publication. Clearly, to constitute such bar, the invention disclosed in the publication need not be described in the exact terms used to describe the invention sought to be patented. It is sufficient if the same inventive concept is found in both. Were this not so, a statutory bar would have little scope as barring an invention made earlier than the date of a publication, but for which an application for patent is filed more than two years after the date of the publication.

The gist of appellant's claimed invention is the diffusively spraying of dry flocculent insulating material into the wall-space of a building. The Kalkite publication discloses a similar spraying of insulating material of a different character into the wall-space of a building. If the kind of material sprayed by appellant is disclosed by the prior art, and not a part of the inventive concept, then the real invention, if any, is the spraying of insulating material into the wall-space of a building, and in such case the Kalkite publication would be a statutory bar to the allowance of appellant's claims because her application was filed more than two years after the date of said publication.

On the other hand, if the kind of material used was a part of the inventive concept because it would not be obvious to one skilled in the art to substitute it for the material disclosed in the Kalkite publication, then it might be that said publication would not constitute a statutory bar to the allowance of appellant's claims. However, the publication is certainly a statutory bar to all that it discloses.

Counsel for appellant have cited the case of Klein v. Russell, 86 U.S. (19 Wall.) 433, 445, 22 L.Ed. 116, which they state is the only case they can find bearing upon this point. That case involved in part the question of two years' public use of a novel treatment for lamb skins by the use of a fat liquor. Upon the trial in the lower court the defendant (Klein) requested the trial judge to charge the jury as follows:

"7th. That if fat liquor had been used substantially in the manner specified in the plaintiff's patent, for the purpose of rendering any kind of leather soft and supple, more than two years (before the plaintiff applied for a patent), the plaintiff cannot recover, even though it had not been so used in dressing bark-tanned lamb or sheep skins."

It further appears that the trial judge refused so to charge the jury, and that the basis of his refusal was the words "before the plaintiff applied for a patent." Exception to this refusal was taken. In the opinion the Supreme Court did not discuss this exception with particularity; with respect to a number of exceptions, including the one under consideration, the court contented itself with the following statement: "We are satisfied with the rulings of the learned judge who tried the case as to each and all of them."

The law then, as now, expressly provided that two years' public use of an invention before the date of the application for a patent would constitute a statutory bar, and we are of the opinion that the affirmance of the refusal of the trial court so to instruct must have been an inadvertence. At any rate, we are of the opinion that the Supreme Court would not now make a like holding, and we cannot accept the decision relied upon by appellant as controlling here.

We next come to appellant's contention that, conceding that the Kalkite publication is a statutory bar as to all that it discloses, inasmuch as appellant made the invention prior to the date of the Kalkite publication, it was error upon the part of the Board to combine its disclosure with the disclosure of the Chase patent. Upon this point the Board stated that it knew of no authority to support this contention and that appellant had cited none.

Where there is a basic reference, and other patents or publications are relied upon to show that any modification of such basic reference to make it conform to the disclosure of an application would be obvious to one skilled in the art, it is merely establishing that the basic reference constitutes the entire invention for which an applicant seeks a patent, and in such case it seems to us that the basic reference would constitute a statutory bar to an application if such reference were issued or published more than two years prior to the application.

Applying the foregoing to the case at bar, we are of the opinion that the Kalkite publication discloses the entire inventive

504

concept of appellant's prior invention. The Chase patent, issued in 1885, disclosed the use of "dry mill shavings, cut straw, granulated cork, or other light and elastic non-conducting material." This certainly describes "dry flocculent material" claimed in appellant's process.

We have the Kalkite publication disclosing the invention of spraying by pneumatic means of insulating material of a certain character into the wall-spaces of buildings; at the time of said publication, and at the time appellant made her invention, the public knew through the Chase patent that dry flocculent material was excellent for insulation purposes. Therefore, the public was for more than two years prior to appellant's application in full possession of appellant's invention, unless the substitution of dry flocculent material in the Kalkite process involved the exercise of the inventive faculty. We are of the opinion that, for more than two years prior to appellant's application, to one skilled in the art it would be obvious from the prior art that dry flocculent material is desirable for insulating purposes, and that it could be sprayed into wall-spaces by the method disclosed in the Kalkite publication. Therefore, in our judgment the Kalkite publication involved the entire inventive concept that is here involved; in other words, the said publication discloses the entire invention that appellant had made prior thereto, and said publication is a statutory bar against the allowance of appellant's claims.

With respect to appellant's third contention that, even if the references be combined, irrespective of the date of appellant's invention, they do not negative patentability of appellant's claims, what we have already said with respect to the two references is applicable here, and it follows that we must hold that appellant's claims are not patentable over the references.

For the reasons stated, the decision of the Board of Appeals is affirmed.

Affirmed.

HATFIELD, Associate Judge, did not participate in this decision.