31 C.C.P.A. (Patents)

## In re DONALDSON.

### Patent Appeal No. 4763.

Court of Customs and Patent Appeals.
June 1, 1943.

Rehearing Denied Oct. 29, 1943.

George E. Stebbins, of Pittsburgh, Pa., and Donald A. Gardiner, of Washington, D. C., for appellant.

W. W. Cochran, of Washington, D. C. (E. L. Reynolds, of Washington, D. C., of counsel), for the Commissioner of Patents.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, LENROOT, and JACKSON, Associate Judges.

LENROOT, Associate Judge.

This is an appeal from a decision of the Board of Appeals of the United States Patent Office affirming a decision of the Primary Examiner rejecting all of the claims of appellant's application for a patent filed on August 5, 1940. There accompanied the application an oath by appellant that the invention had not been in public use or on sale for more than two years prior to the filing of the application.

The board stated the ground of rejection and the contention of appellant as follows:

"The claims were rejected for the reason that the claimed invention was prima facie in public use or on sale for more than one year prior to the filing date of his application. The one year bar was established by the amendment to Sec. 4886, Revised Statutes.

"Applicant, as we understand the brief, admits a public use bar under Sec. 4886, Revised Statutes, as amended if the amended act is correctly construed as taking effect on August 5, 1940. It is his contention, however, that the amended act went into effect on August 6, 1940, and for this reason the act does not apply to this application which was filed on August 5, 1940."

Inasmuch as the only question before us is one of law, it is unnecessary to discuss the alleged invention or claims thereto.

Section 4886 of the Revised Statutes, U. S.C., Title 35, Sec. 31, 35 U.S.C.A. § 31, as originally enacted provided for the issuance of patents under certain conditions, one of which was that the claimed invention was not in public use or on sale in this country for more than two years prior to the date of the application for the invention. By an amendment of said section, approved August 5, 1939, to take effect one year after its approval, the period of two years was shortened to one year.

The amendment to said section reads as follows:

"Be it enacted by the Senate and House of Representatives of the United States of America in Congress assembled, That sections 4886, 4887, 4920, and 4929 of the Revised Statutes (U.S.C., title 35, secs. 31, 32, 69, and 73) be amended by striking out the words 'two years' wherever they appear in said sections and substituting therefor the words 'one year'.

"Sec. 2. This Act shall take effect one year after its approval and shall apply to all applications for patent filed after it takes effect and to all patents granted on such applications: Provided, however, That all applications for patents filed prior to the time this Act takes effect and all pat-

ents granted on such applications are to be governed by the statutes in force at the time of approval of this Act as if such statutes had not been amended.

"Approved, August 5, 1939." 53 Stat. p. 1212, 35 U.S.C.A. § 31.

As the amendment was approved on August 5, 1939, and appellant's application was filed on August 5, 1940, the question presented is whether said amendment was in effect on August 5, 1940, or did not become effective until August 6, 1940.

If the effective date of the amendment was August 5, 1940, the decision must be affirmed. If it was not effective until August 6, 1940, the decision must be reversed.

Authorities are not numerous upon the question involved, but the general principles involving the construction of the phrase "shall take effect one year after its approval" seem to be well settled.

Much of appellant's brief is devoted to the argument that in computing the time the date of approval of the amendment, August 5, 1939, should be excluded, and in support of his contention relies principally upon the case of Burnet, Commissioner of Internal Revenue, v. Willingham Loan & Trust Co., 282 U.S. 437, 51 S.Ct. 185, 75 L. Ed. 448.

In said case returns of income taxes were made on March 15, 1921, for the year 1920, and March 15, 1922, for the year 1921. The Commissioner of Internal Revenue made jeopardy assessments on March 15, 1926, for both of the years 1920 and 1921. With respect to the year 1920 the statute, 40 Stat. 1083, § 250(d), provided that the amount of tax due should be assessed "within five years after the return was due or was made," and as to the year 1921 the law had been so amended as to provide that the assessment should be "within four years after the return was filed." 42 Stat. 265, § 250(d).

The question was whether the assessments were too late under the statutes by which they were governed.

In computing the time in which the assessments could be made, the court excluded the date of March 15th, upon which the returns were filed, and held that the commissioner was authorized to make the assessments on March 15, 1926.

Many other cases are cited by appellant in support of his position, that in computing the time after a given date or event the first day should be excluded.

This court so held in the case of United States v. Hurlburt & Sons, 11 Ct.Cust.App. 24, T.D. 38638. We there quoted from the case of Sheets v. Selden, 69 U.S. 177, 2 Wall. 177, 17 L.Ed. 822, as follows: "The general current of the modern authorities on the interpretation of contracts, and also of statutes, where time is to be computed from a particular day or a particular event, as when an act is to be performed within a specified period *from* or *after* a day named, is to exclude the day thus designated, and *to include the last day of the specified period.* 'When the period allowed for doing an act,' says Mr. Chief Justice Bronson, 'is to be reckoned from the making of a contract, or the happening of any other event, the day on which the event happened may be regarded as an entirety, or a point of time; and so be excluded from the computation.'" (Italics supplied)

In said case we also quoted with approval the following from Lewis' Sutherland Statutory Construction, Sec. 185, as follows: "The rule is so generally recognized to exclude the first, or terminus a quo, *and to include the last,* or terminus ad quem, that it requires no particular words for its application. The terminus a quo, so far as it is descriptive of a period of time, is coincident with the day, or day of the act, from which the computation is to be made; that day is indivisible; the period to be computed is another and subsequent period, which begins when the first period is completed." (Italics supplied)

It will be observed that in both of the above quotations, while it is stated that in the computation of time the first day is excluded, it is also stated that the last day is included.

Under appellant's own theory the last day or day of expiration of the one year was August 5, 1940, and in determining the day upon which the act here in question went into effect, it would seem, under the authorities above quoted, that the inclusion of the last day or August 5, 1940, would result in the Amendatory Act being effective upon that date. Appellant quotes from Lewis' Sutherland Statutory Construction, Second Edition, Sec. 184, as follows: "The rule now supported by nearly all of the modern cases is that the time should be computed by excluding the day or the day of the event from which the time is to be com-

puted and including the last day of the number constituting the specified period. Thus, if an act is to take effect in thirty days from and after its passage, passing on the 1st day of March, it would go into operation on the 31st day of that month. *It would commence to operate at the first moment of the last day of the thirty, ascertained by adding that number to the number of the date of passage.*" (Italics supplied)

Appellant also quotes from "Statutory Construction" by Crawford, p. 166, as follows: "Moreover, where the statute does not go into effect until after the expiration of a certain number of days from the performance of some act or some date, it is also necessary to compute time. The general, as well as the sensible, rule is that the day, or the day on which the required act was performed, and from which the time is to be computed, shall be excluded, and *the last day of the number constituting the required period shall be included.* This same rule applies to the computation of weeks, months, and years. It seems, however, that there is a departure from this general rule in some cases, or jurisdictions, and in counting the time from the performance of an act, the day of the performance is included, but in computing from the day or day of the date, the day of the date is excluded. Any rule which includes the day on which the act is performed is fairly subject to criticism, unless the act is performed at the earliest possible moment of the day; otherwise, the computation starts before the act is performed." (Italics supplied)

Most of the cases cited by appellant support his contention that upon the question of the effective date of a statute to take effect on a future day the first day should be excluded, but generally such cases also hold that the last day of the period should be included.

Among state courts apparently holding that both the first and last days should be excluded are Nebraska, McGinn v. State, 46 Neb. 427, 65 N.W. 46, 30 L.R.A. 450, 50 Am.St.Rep. 617, and Minnesota, Duncan v. Cobb, 32 Minn. 460, 21 N.W. 714.

However, the case of Dillon v. Gloss, Deputy Collector of United States Internal Revenue, 256 US. 368, 41 S.Ct. 510, 513, 65 L.Ed. 994, seems to have settled, in principle, the precise question here involved.

One of the questions in that case was when the National Prohibition Act, 41 Stat. 305, 27 U.S.C.A. § 1 et seq., became effec-

tive. The joint resolution of the Congress submitting the proposed amendment to the legislatures of the States provided that it should go into effect one year after being ratified. The court in said case held that the amendment was ratified on January 16, 1919, and went into effect on January 16, 1920. The opinion states: "The provisions of the act which the petitioner was charged with violating and under which he was arrested (title 2, §§ 3, 26) were by the terms of the act (title 3, § 21) to be in force from and after the date when the Eighteenth Amendment should go into effect, and the latter by its own terms was to go into effect one year after being ratified. Its ratification, of which we take judicial notice, was consummated January 16, 1919. That the Secretary of State did not proclaim its ratification until January 29, 1919, is not material, for the date of its consummation, and not that on which it is proclaimed, controls. It follows that the provisions of the act with which the petitioner is concerned went into effect January 16, 1920. His alleged offense and his arrest were on the following day; so his claim that those provisions had not gone into effect at the time is not well grounded."

Under appellant's theory the amendment would not have gone into effect until January 17th, but the Supreme Court held otherwise.

There seems to be a distinction made by the authorities between a provision of a statute prescribing a limitation within which an act may be performed, and a provision prescribing a time in the future when the act shall become effective. In the former, the inclusion of the last day usually means that the act may be performed until the last moment of that day, while in the latter the act becomes effective upon the first moment of the last day.

The cases of Burnet, Commissioner of Internal Revenue, v. Willingham Loan & Trust Company, supra, and United States v. Hurlburt & Sons, supra, involved statutory language prescribing that acts might be performed within a specified time.

Applying the general rule that in determining the effective date of a statute which is to take effect on a future day, the first day shall be excluded and the last day shall be included, and that its taking effect shall be from the first minute of the last day, we hold that the first day, August 5, 1939, being excluded, the last day, Au-

gust 5, 1940, must be included, and that the amendatory statute became effective on August 5, 1940, and on the first minute of that day.

Therefore, appellant's application having been filed while the Amendatory Act was in effect, the one year limitation of public use and sale was applicable.

For the reasons stated herein the decision appealed from is affirmed.

Affirmed.