51 CCPA

Robert C. SWITZER and Richard A. Ward, Appellants,

v.

Loy W. SOCKMAN and Elliot W. Brady, Appellees.

Patent Appeal No. 7128.

United States Court of Customs and Patent Appeals.

July 16, 1964.

Albert L. Ely, Jr., Cleveland, Ohio., for appellants.

Foster York, Chicago, Ill. (Benton Baker, Chicago, Ill., of counsel), for appellees.

Harold J. Kinney and Stanley G. De-LaHunt, St. Paul, Minn., amicus curiae.

Before WORLEY, Chief Judge, and RICH, MARTIN, SMITH and ALMOND, Judges.

MARTIN, Judge.

This appeal is from the decision of the Board of Patent Interferences awarding priority of invention to Sockman et al., in Interference No. 87,474. The interference involves an application serial No. 484,319, filed on January 26, 1955 by Switzer et al. and a patent No. 2,667,070 issued to Sockman et al., on January 26, 1954 on application serial No. 83,614 filed March 26, 1949. The five counts of the interference correspond to all of the original claims 1–5 of the Switzer et al. application serial No. 484,319, which claims were copied from the Sockman et al. patent.[1]

Interference No. 87,474 was originally declared on May 23, 1955 with Sockman et al. as senior party and Switzer et al. as junior party. It was later dissolved on the ground that a Switzer et al. parent application serial No. 606,708, filed July 23, 1945 relied on to antedate the filing date of the application on which the Sockman et al. patent issued, would not support the counts. Hence, a Canadian patent of Sockman et al., corresponding to the Sockman et al. patent No. 2,667,070 and having issued in Canada more than one year before the filing of the Switzer et al. application serial No. 484,319 was considered a statutory bar against the claims in serial No. 484,319 and thus made the counts unpatentable to Switzer et al. In ex parte prosecution following the dissolved interference, the primary examiner adhered to his position and further finally rejected the claims of application serial No. 484,319 on the Sockman et al. Canadian patent. The Board of Appeals sustained the primary examiner's final rejection. However, in an action under 35 U.S.C. § 145, the district court in Switzer v. Watson, 183 F.Supp. 467, held that Switzer et al. were "entitled to rely as to all of claims 1–5 on the filing date of application Serial No. 606,708 and that the Canadian patent to Sockman et al. is, therefore, not a statutory bar." As a result of the judgment of the district court, the primary examiner reinstated the interference on September 29, 1960, changing the order of the parties so that Switzer et al. became the senior party.

Two questions are involved in this appeal.

*Question No. 1*

The first question is whether the Switzer et al. application serial No. 484,319 with the claims copied from the Sockman et al. patent was filed "prior to one year from the date on which the patent [Sockman et al.] was granted" within the meaning of 35 U.S.C. § 135.[2] The Sockman et al. patent was granted on January 26, 1954 and the Switzer et al. application was filed on January 26, 1955.

The board in finding for Sockman et al. made reference to the following statements of the First Assistant Commis-

---

1. The first of the five counts reads:
"The method of inspecting a part for surface defects which comprises applying to a surface of said part a solution of a dye in a penetrant liquid consisting of a volatile liquid and a relatively non-volatile liquid having a higher surface tension than said volatile liquid, said relatively non-volatile liquid consisting essentially of an oxygen-containing organic liquid, removing penetrant liquid from the surface to permit evaporation of part of the volatile liquid from the penetrant liquid remaining in the defect whereby there is an increase in the surface tension of liquid in said defect, and depositing on said surface a layer of finely divided penetrant liquid absorbing material of a color contrasting with that of said dye whereby penetrant liquid will be absorbed in said deposit to form a visible trace."

2. 35 U.S.C. § 135 reads:
"§ 135. Interferences
* * * * *
"A claim which is the same as, or for the same or substantially the same subject matter as, a claim of an issued patent may not be made in any application unless such a claim is made prior to one year from the date on which the patent was granted."

sioner in Rubenstein v. Schmidt, 133 USPQ 91:

"The party Schmidt petitions from the decision of the primary examiner denying his motion to dissolve the above entitled interference on the ground that the claims of his patent, which form the counts of the interference, were not made by Rubenstein 'prior to one year from the date on which the patent was granted,' within the meaning of Title 35, Section 135 of the United States Code. The Schmidt patent was issued on June 4, 1957 and the Rubenstein application, containing the claims in issue, was filed on June 4, 1958.

"The sole issue here, therefore, is whether the anniversary date of the issuance of a patent is 'prior to one year from the date on which the patent was granted.' It seems clear that this question must be answered in the negative.

"The 'date on which the patent was granted' in the present case is June 4, 1957, and one year from that date cannot reasonably mean anything other than the anniversary date, June 4, 1958. Fractions of a day cannot properly be considered in computations of time such as that here involved and events occurring on the same day are considered as having occurred simultaneously. It follows that the Rubenstein application here involved was filed 'one year from the date on which the patent was granted' and not prior to that time as required by the statute.

\*     \*     \*     \*     \* "

The majority of the board stated that the Rubenstein v. Schmidt decision "obviously must be followed by the Board of Patent Interferences as part of the Patent Office," and, accordingly, held that the Switzer et al. application presenting the claims copied from the Sockman et al. patent was not filed "prior to one year from the date on which the patent was granted" within the meaning of 35 U.S. C. § 135.[3]

Appellants argue that the Rubenstein decision was rendered without regard to established rules of law for computation of time and the consequent divergence with other authorities, without regard to prior decisions construing section 135 of the 1952 Patent Act, and without regard to the construction with parallel statutes, or even generally accepted and established practice. Amicus curiae [4] contends that the legislative history behind section 135 shows no intent, by the choice of language employed, to make the one year anniversary date of the issuance of patent untimely, under 35 U.S.C. § 135 for copying claims for purposes of interference.

Appellees argue that the words "prior to" used in the present statute do not mean the same thing as the word "within" used in the previous statute.[5] It is contended that when the term "within" a certain period is used in the old statute, the first day of the act, such as the issuance of a patent, is excluded, and a period such as one year starts running the next day after the day of the act and terminates one year later, which includes the entire anniversary date. On the other hand, appellees contend that whenever the term "prior to" is used in the statute,

---

3. One member of the board did not agree with the majority of the board on this point and would hold that the presentation of a claim from an issued patent on the first anniversary of the grant thereof is timely within the meaning of 35 U.S.C. § 135.

4. This court granted a motion on January 17, 1964 for leave of Harold J. Kinney and Stanley G. DeLaHunt to appear as amicus curiae in PA 7128, to file a brief and to participate in the oral argument.

5. The pertinent portion of the prior statute 35 U.S.C. § 51, R.S. 4903, reads:

"No amendment for the first time presenting or asserting a claim which is the same as, or for substantially the same subject matter as, a claim of an issued patent may be made in any application unless such amendment is filed within one year from the date on which said patent was granted. R.S. § 4903; Aug. 5, 1939, c. 452, § 1, 53 Stat. 1213."

as it is in the present 35 U.S.C. § 135, the period still starts on the next day after the issuance of the patent but it expires prior to or before the year period, which year period ends at the anniversary day or date.

It seems clear that the board's position is based on the Rubenstein decision, which decision, incidentally, is contra to the construction of section 135 by the board in Tilley v. Johnson, 130 USPQ 340, decided less than a year before the Rubenstein decision.

In the Tilley case, the board stated:

"  *       *       *       *       *

"Finally there is to be determined the matter of whether Johnson copied the claims of Tilley's patent in timely fashion under the statute.

"Tilley's patent issued August 20, 1957. Johnson copied the claims which are the counts in issue from the patent on August 20, 1958.

"Tilley urges that the anniversary date is without the period allowed by 35 U.S.C. 135 for this purpose. It is asserted that inasmuch as the language used in this section is different from that in Section 133 of the same title (which relates to response to avoid abandonment), the construction placed upon the former section must be different from that placed upon the latter.

"Johnson opposes this construction of the statute making reference to In re Donaldson [138 F.2d 419], 59 USPQ 302, which is authority for disregarding the first and including the anniversary date, citing Sheets v. Selden [2 Wall. 177] 69 U.S. 177 [17 L.Ed. 822].

"Cases are not numerous upon the matter of computation of periods. We have been unable to discover any which specifically construe Title 35 U.S.C. 135, and the parties have cited none.

*       *       *       *       *       *

"In the absence of a specifically indicated intention on the part of Congress to depart from accepted methods for computation of periods, we are not disposed to place a novel construction on the section in question. We feel constrained to hold that copying of the claims in question by Johnson on the anniversary date of August 20, 1958 was timely under the rule enunciated in the Donaldson and Sheets decisions supra."

We think the basis for the commissioner's decision is the Rubenstein case is clearly evident from the following paragraph which immediately follows the passage of the Rubenstein decision quoted supra:

"The primary examiner, in denying Schmidt's motion to dissolve, relied on the legislative history of the section here involved. The best evidence of legislative intent, however, is the language of the statute itself. If that is clear and unambiguous, as is the case here, resort cannot properly be had to legislative history to give it another meaning."

We do not, however, agree with the commissioner that the language of the statute is so clear and unambiguous as to preclude a finding that the anniversary date of the issuance of a patent is not "prior to one year from the date on which the patent was granted," within the meaning of 35 U.S.C. § 135 and we agree with the following statements of the dissenting member of the board:

"When is prior to one year from a date? A date is a day, a specified day. A day is twenty four hours long, from midnight to midnight. A period of time cannot be measured *from* it until it has expired. A period of time can be measured from a particular hour, or minute, or microsecond of a day if it is specified, but the statute does not so specify, and it is agreed that no account shall be taken of fractions of a day. Now the period of time is 'one year.' The legal year is a period of 365 days, or in the case of leap year, 366 days. This period does not expire until the 365th day expires at midnight. If

measurement of the year period is begun at the midnight that marks the end of, say, June 3, 1962 and the beginning of June 4, 1962, the year period of 365 days ends at midnight at the close of June 3, 1963, and anything that happens before midnight June 3, 1963 has happened prior to one year from June 3, 1962.

"The decision in Rubenstein v. Schmidt seems, however, to take the view that the words 'one year' means not just the time period usually devoted by them but a date, a date that is called out by the time period, namely what is called the anniversary date of the grant. With this construction of course the making of a claim on the anniversary day would not be timely as it is not prior to that date. I just cannot bring myself to subscribe to this interpretation. The time period in such case necessarily includes the day of the patent grant, and I do not see how the year time period can be viewed as measured from it as the statute explicitly requires. I am aware of some early rulings in some jurisdictions making a distinction between measurement of time from a specified act, but the trend has been away from making this distinction. Moreover, in the statute we are dealing with it is the date on which the patent is granted and not the act of granting the patent that is recited.

"The statute [35 U.S.C. 135] is a statute of repose. Its purpose is to leave a person, whose right might otherwise be challenged, undisturbed after a reasonable period, fixed at one year. The difference of opinion concerning the interpretation of the statute revolves around one day only in the actual effective length of the period. It seems to me more important that those who would have the right to challenge in due season should not be trapped by their reliance upon an understandable reading of the statute than that prospective reposers gain one day in three hundred and sixty five days."

Moreover, we think this is clearly a case where the matter of legislative intent cannot be ignored. In Peter Pan Fabrics, Inc. v. Martin Weiner Corp., 274 F.2d 487 (2d Cir., 1960), Judge Learned Hand stated:

"* * * it is a commonplace that a literal interpretation of the words of a statute is not always a safe guide to its meaning. Indeed, in extreme situations this doctrine has been carried so far that language inescapably covering the occasion has been disregarded when it defeats the manifest purpose of the statute as a whole. Holy Trinity Church v. United States, 143 U.S. 457, 12 S.Ct. 511, 36 L.Ed. 226; Markham v. Cabell, 326 U.S. 404, 66 S.Ct. 193, 90 L.Ed. 165; Cawley v. United States, 2 Cir., 1959, 272 F.2d 443."

Certainly prior to the Rubenstein decision, the board as evidenced by the Tilley decision, supra, construed 35 U.S.C. § 135 as appellants urge here. Appellees concede that the statutory provision antecedent to section 135 [6] here under consideration permitted copying claims from a patent on the one year anniversary date of the issuance thereof. A clear change in the law thus must have occurred with the enactment of section 135 of the 1952 Patent Act [7] if that section is to be construed to exclude the anniversary date on which the interfering patent was granted. We think that in such circumstances the new construction, to be sustained, must find clear congressional sanction. Thus, section 3709 of Sutherland Statutory Construction states:

"*A statute incorporated into a code is presumed to be incorporated*

6. See footnote 5.

7. The 1952 Patent Act revised and codified the laws relating to patents and the Patent Office and enacted into law Title 35 of the United States Code.

*without change even though it is reworded and rephrased and in the organization of the code its original sections are separated.* Where, however, the legislative intent is clear that a change in the law is intended, the new provision prevails. In case of ambiguity it is permissible to resort to the prior legislative history of the act, the form and language of the prior statute, prior interpretation and all matters in pari materia in order to arrive at the true meaning of the code provision. (3rd ed.)

"Because of the fact that a code represents and contains a systematic arrangement of laws, the position in which a provision appears in an enacted code has greater weight for purposes of interpretation than the position of a provision in a regular act. [Supp.1964]" [Emphasis ours.]

Section 3710 of Sutherland Statutory Construction states:

"Inasmuch as the function of a code is principally to reorganize the law and to state it in simpler form, the presumption is that change in language is for purposes of clarity rather than for a change in meaning. In order to achieve clarity, it is frequently necessary to reorganize and recast large numbers of sections in order to form a unified and consistent chapter. Thus in the construction of a particular code section attention should be given to the entire chapter or even the entire code in order to determine the purpose and the objective of the legislature in organizing the material. If such study does not disclose the true legislative intent then the legislative history of the enactment and all contemporaneous legislation should be considered. *But the disclosure of a changed intention must be clear for it is pre-*

*sumed that if the language used in the code fairly admits of a construction consistent with the old law it was not the legislature's intent by a change in language to change the meaning of the law."* (3rd ed.) [Emphasis ours.]

Appellees refer to the final paragraph concerning section 135 in S.Rep.No.1979, 82d Cong., 2d Sess. (1952) (Appendix), 2 U.S.Code Cong. & Adm.News p. 2414 (1952). This paragraph reads:

"The second paragraph is based on title 35, U.S.C., 1946 ed., § 51, (R. S. 4903, amended Aug. 5, 1939, ch. 452, § 1, 53 Stat. 1213). Changes in language are made."

Certainly that paragraph is not persuasive of a clear congressional intent to provide a new period for copying claims from issued patents for purposes of interference.

For the foregoing reasons, we are of the opinion that the Switzer et al. application serial No. 484,319, filed on January 26, 1955, with the claims copied from the Sockman et al. patent was filed prior to one year from the January 26, 1954 date on which the Sockman et al. patent was granted within the meaning of 35 U.S.C. § 135.

*Question No. 2*

The second question we consider posed by this appeal is whether the judgment in the ex parte action of Switzer v. Watson, 183 F.Supp. 467, forecloses the board, based on the record before it, from considering the question of the right of Switzer et al. to make the claims constituting the interference counts.

Both parties have taken testimony on that question. Prior to the taking of the testimony, Switzer et al. moved that, especially in view of the Switzer decision and its effect on the board under Henning v. Hunt,[8] 223 F.2d 926, 42 CCPA 1064, the board determine in advance of

---

8. In Henning v. Hunt this court in an interference proceeding, involving a party who previously received a judgment in an ex parte civil action holding that the party was entitled to a claim forming a

count of the interference, held that the Patent Office tribunals in the interference proceeding did not err as to the weight they accorded the decision in the civil action.

taking testimony the issues which could be considered at final hearing and the permissible scope of testimony, if any.[9] The Patent Interference Examiner, stating that an ex parte decision of a district court is not entirely immune from attack in an inter partes proceeding, denied the Switzer et al. request for a hearing and set times for the taking of testimony. On a request for reconsideration by Switzer et al. of the examiner's action, the board stated that "the interpretation and propriety of testimony is determined more accurately after the testimony is filed rather than indulging in premature determination of limiting 'issues,' the logical sequel to which may be a second determination of whether the testimony taken is within the limits imposed."

In its decision after final hearing the board referred to that portion of Henning v. Hunt which reads:

"The appeal, Civil Action 20,023, was taken for the purpose of reviewing the action of the Board of Appeals of the Patent Office, and the court reversed the board's decision, as noted in the above-cited conclusions of law. The court found that Hunt was entitled to the claim forming the count of this interference. *The commissioner (and the patent office tribunals) cannot question the court's decision*; their failure or refusal to execute it by appropriate action would undoubtedly be corrected by judicial process; the decree of the court is the final adjudication on the question of right. Butterworth v. United States ex rel. Hoe, 112 U. S. 50, 5 S.Ct. 25, 28 L.Ed. 656. If the Patent Office tribunals did not follow the court's decision, it would be tantamount to reversing its appellate court. This obviously would be an anomaly, and in effect cause the court's decision to be a nullity. For the orderly administration of

the law, *the giving full force to the court's decision was the only course which the patent office tribunals could have followed,* unless of course, *new issues and facts* were presented in the inter partes action which were not considered in the ex parte action.

"We might state, at this point, that *we will not directly consider any questions in this appeal which were determined in the above-mentioned civil action.* To do so, and pass judgment thereon would in effect cause us to be an appellate tribunal of the district court. Obviously this is not our function. We must therefore take the decision of the district court as we find it, and consider only those questions, based on different facts, which arose in the Patent Office after the court's decision. We will also, for the sake of completeness review the applicable law.

"As stated above, *once the district court's decision was rendered, it governed further proceedings in the Patent Office. * * * As we have stated above, the Patent Office tribunals had no choice in the matter; their duty was to follow the court's decision.*" [the board's emphasis]

The board then stated:

"Accordingly, since we find no 'new issues and facts' have been presented on the matter, we will follow the decision of the District Court and hold that the disclosure of Switzer *et al.* application Serial No. 606,708 supports the counts. While we do not have the transcript before us, the issues are clearly set out in * * [the decision of the District Court] and the above quotation refers to new issues and facts, not new issues or facts."

---

**9.** Appellees, Sockman et al. had been placed under order to show cause why judgment should not be issued against them because they alleged no date in

their preliminary statement prior to the filing date of the Switzer et al. application serial No. 606,708.

The board deemed that the evidence in the record complained of by Switzer et al. should not be stricken from the file, but did grant the motion of Switzer et al. to strike such evidence "to the extent, and to that extent only, that no weight has been accorded this evidence in deciding whether or not the disclosure of the earlier Switzer *et al.* application supports the counts."

Sockman et al. argue that Henning v. Hunt does not preclude the consideration and the giving of any weight to evidence, including new facts and admissions, on the issue of inadequacy of disclosure to support the counts in the Switzer et al. application serial No. 606,708 because the district court in Switzer v. Watson held on different evidence that application serial No. 606,708 was adequate to support the claims corresponding to the counts before us.

Switzer et al., on the other hand, urge that the position of Sockman et al. as to the right of Switzer et al. to make the claims constituting the interference counts is untenable because, so far as this court's powers can be invoked, the matter is res judicata in Switzer v. Watson.

■ It is obvious that the doctrine of res judicata is not available as a defense since the parties are different here than in the proceeding before the district court. The district court case was an ex parte proceeding with the Patent Office as the defendant. Since it was an ex parte proceeding Sockman et al. was not able to participate. On the other hand, Sockman et al., not the Patent Office, is a party here.

Moreover, in the instant case, additional evidence has been presented by Sockman et al. which is relied on to allegedly show that the Switzer et al. application serial No. 606,708 does not support the counts. Sockman et al., a highly interested party in the instant case, was obviously not able to present that evidence in the ex parte proceeding in the district court. Thus the district court did not

have the benefit of all of the evidence which Sockman et al. now rely on to allegedly show lack of support in serial No. 606,708 for the counts at issue.

■ In such circumstances we do not think that Henning v. Hunt forecloses the board from considering whether the additional evidence, not considered in the district court proceeding, showed that a contrary state of facts existed from what was found by the district court in Switzer v. Watson.

In Henning v. Hunt, this court stated:

"We are of the opinion that the Patent Office tribunals did not err in the weight accorded to and their interpretations of the findings and conclusions in ex parte Civil Action No. 20,023 since *Henning has not shown that the facts are contrary to what was found by the district court.*" [Emphasis ours.]

It is true that a portion of the Henning decision reads:

"* * * For the orderly administration of the law, the giving full force to the court's decision was the only course which the patent office tribunals could have followed, unless of course, new issues and facts were presented in the *inter partes* action which were not considered in the *ex parte* action."

However, we think that the above must be read in conjunction with succeeding portions of the decision:

"We might state, at this point, that we will not directly consider any questions in this appeal which were determined in the above-mentioned civil action. To do so, and pass judgment thereon would in effect cause us to be an appellate tribunal of the district court. Obviously this is not our function. We must therefore take the decision of the district court as we find it, and consider only those questions, *based on different facts*, which arose in the Patent Office after the court's decision. We will also, for the sake of

completeness review the applicable law.

\* \* \* \* \* \*

"Thus, we are of the opinion that the effect given to Civil Action 20,-023 by the Patent Office was the only course which could have been followed, *and since Henning did not show that a contrary state of facts existed from what was found by the district court*, we feel that Civil Action 20,023 properly governed further proceedings of the Hunt-Henning interference notwithstanding that Henning was not a party to the civil action." [Emphasis ours.]

It is obvious that the board in reaching its decision in the present case did not consider the evidence and arguments presented by the party Sockman et al. concerning the question of whether or not the disclosure of the earlier Switzer et al. application serial No. 606,708 discloses the invention defined by the counts. It specifically stated that "no weight has been accorded this evidence [10] in deciding whether or not the disclosure of the earlier Switzer *et al.* application supports the counts." As a dissenting member of the board stated:

"\* \* \* The statute expressly states that 'The question of priority of invention *shall be* determined by a board of patent interference (consisting of three examiners of interferences) \* \* \*.' The question of the right of Switzer *et al.* to support the claims forming the counts of this interference upon an earlier application for patent than his involved application is a matter that is of the essence of the priority to be determined. I deem that I am under a statutory mandate to consider the evidence and the arguments presented by the party Sockman et al., \* \* \*."

We think, as did the dissenting board member, that the board, in discharging its duty of determining priority here, has the responsibility of expressly determining whether the earlier application of Switzer et al., serial No. 606,708, supports the counts. While that determination must be made in the light of the district court's decision, recognition that Sockman et al. had no opportunity to participate in the trial before that court requires that the board also shall consider such arguments and additional evidence as are now properly presented by Sockman et al.[11]

■ Appellants, Switzer et al., have moved that the costs of preparing so much of the printed record as includes material added by appellees, Sockman et al., be taxed against appellees. Under the circumstances here we think appellees followed the only prudent course in requesting that the added material be included, even though we did not find it necessary to consider all of that material. The printing costs being the only costs handled through the court, the motion is denied and we assess the printing costs of the added material against appellants.

In summary since we find that the board was in error in holding that appellants had not timely copied the claims of the Sockman et al. patent within the meaning of 35 U.S.C. § 135, the decision of the board is reversed. However, we remand this case to the Board of Patent Interferences so that action may be taken which is not inconsistent with this opinion.

Reversed and remanded

RICH, J., sat but did not participate in decision.

WORLEY, Chief Judge (concurring).

Litigants coming to this court would be more certain of their rights if we were more consistent in our methods of

10. The evidence presented by Sockman et al. and complained of by Switzer et al.

11. Our reasoning on this point appears to coincide to a considerable extent with that of the District Court, District of Delaware, in Turchan v. Bailey Meter Co., 167 F.Supp. 58.

determining Congressional intent. Here, for example, a literal interpretation of the statute is rejected because there is no convincing evidence Congress intended to change the existing law. Quite opposite was the rationale employed in In re Palmquist, 319 F.2d 547, 552, 50 CCPA 839. There a literal interpretation was fiercely embraced although there was no evidence Congress intended to change the existing law. On the contrary, the prior practice of the Patent Office [1] and the decisions of this court [2] provided ample evidence that Congress did *not* intend to change the existing law.

1. Ex parte Austin, 72 USPQ 384.

2. In re Wenzel, 88 F.2d 501, 24 CCPA 1050; In re Ruscetta, 255 F.2d 687, 45 CCPA 968.